| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: <br> SOUTHERN DISTRICT OF TEXAS | |
| Case number *(if known)* _____  Chapter  11 | ☐ Check if this is an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | Linqto Texas, LLC | |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 33-4525745 | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> 2929 Allen Parkway, Suite 3300 <br> Houston, TX 77019 <br> Number, Street, City, State & ZIP Code <br><br> Harris <br> County | **Mailing address, if different from principal place of business** <br><br> PO Box 2859 <br> Sunnyvale, CA 94087 <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | www.linqto.com | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor    Linqto Texas, LLC                                         Case number (*if known*)
          Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

541990

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

Debtor  Linqto Texas, LLC
        Name

Case number (*if known*)

List all cases. If more than 1, attach a separate list

Debtor District  See Attachment    When           Relationship        Case number, if known

11. **Why is the case filed in *this district*?** *Check all that apply:*
    - [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
    - [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
    - [x] No
    - [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)
    - [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____
    - [ ] It needs to be physically secured or protected from the weather.
    - [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    - [ ] Other _____

    **Where is the property?** _____
    Number, Street, City, State & ZIP Code

    **Is the property insured?**
    - [ ] No
    - [ ] Yes. Insurance agency _____
           Contact name _____
           Phone _____

**Statistical and administrative information**

13. **Debtor's estimation of available funds** *Check one:*
    - [x] Funds will be available for distribution to unsecured creditors.
    - [ ] After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**
    - [ ] 1-49
    - [ ] 50-99
    - [ ] 100-199
    - [ ] 200-999
    - [ ] 1,000-5,000
    - [ ] 5001-10,000
    - [x] 10,001-25,000
    - [ ] 25,001-50,000
    - [ ] 50,001-100,000
    - [ ] More than100,000

15. **Estimated Assets** (on a consolidated basis)
    - [ ] $0 - $50,000
    - [ ] $50,001 - $100,000
    - [ ] $100,001 - $500,000
    - [ ] $500,001 - $1 million
    - [ ] $1,000,001 - $10 million
    - [ ] $10,000,001 - $50 million
    - [ ] $50,000,001 - $100 million
    - [ ] $100,000,001 - $500 million
    - [x] $500,000,001 - $1 billion
    - [ ] $1,000,000,001 - $10 billion
    - [ ] $10,000,000,001 - $50 billion
    - [ ] More than $50 billion

16. **Estimated liabilities** (on a consolidated basis)
    - [ ] $0 - $50,000
    - [ ] $50,001 - $100,000
    - [ ] $100,001 - $500,000
    - [ ] $500,001 - $1 million
    - [ ] $1,000,001 - $10 million
    - [ ] $10,000,001 - $50 million
    - [ ] $50,000,001 - $100 million
    - [ ] $100,000,001 - $500 million
    - [x] $500,000,001 - $1 billion
    - [ ] $1,000,000,001 - $10 billion
    - [ ] $10,000,000,001 - $50 billion
    - [ ] More than $50 billion

Debtor    Linqto Texas, LLC
          Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 7, 2025
              MM / DD / YYYY

X  /s/ Jeffrey S. Stein                              Jeffrey S. Stein
   Signature of authorized representative of debtor   Printed name

   Title   Chief Restructuring Officer

**18. Signature of attorney**

X  /s/ Gabrielle A. Hamm                Date   July 7, 2025
   Signature of attorney for debtor            MM / DD / YYYY

   Gabrielle A. Hamm
   Printed name

   Schwartz, PLLC
   Firm name

   440 Louisiana St. Ste 1055
   Houston, TX 77002
   Number, Street, City, State & ZIP Code

   Contact phone   (713) 900-3737     Email address   ghamm@nvfirm.com

   24041047 TX
   Bar number and State

Debtor  Linqto Texas, LLC
         Name

Case number (*if known*)

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____    Chapter  11

☐ Check if this is an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | Linqto Liquidshares Manager, LLC | | Relationship to you | Affiliate |
| District | Southern District of Texas | When | Case number, if known | |
| Debtor | Linqto Liquidshares, LLC | | Relationship to you | Affiliate |
| District | Southern District of Texas | When | Case number, if known | |
| Debtor | Linqto, Inc. | | Relationship to you | Affiliate |
| District | Southern District of Texas | When | Case number, if known | |

**Fill in this information to identify the case:**

Debtor name  Linqto Texas, LLC

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration    Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 7, 2025              **X** /s/ Jeffrey S. Stein
                                         Signature of individual signing on behalf of debtor

                                         Jeffrey S. Stein
                                         Printed name

                                         Chief Restructuring Officer
                                         Position or relationship to debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| LINQTO TEXAS, LLC, *et al.*, | ) Case No. |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Linqto, Inc. | 100% |
| | |
| | |

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Linqto Texas, LLC | |
| United States Bankruptcy Court for the:   District of Texas - Southern District | ☐ Check if this is an amended filing |
| Case Number (If known): | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders        12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LOWENSTEIN, SANDLER LLP  1251 AVENUE OF THE AMERICAS  NEW YORK, NY  10020 | CONTACT: CHERYL DENIG  CDENIG@LOWENSTEIN.COM | PROFESSIONAL SERVICES | Disputed | | | $372,483.60 |
| 2 | SIDLEY AUSTIN LLP  555 CALIFORNIA STREET  SAN FRANCISCO, CA  94104 | CONTACT: JENNIFER HIWA  JHIWA@SIDLEY.COM | PROFESSIONAL SERVICES | | | | $345,992.60 |
| 3 | FRASER, CHRIS  [ADDRESS ON FILE] | CONTACT: CHRIS FRASER  [EMAIL ADDRESS ON FILE] | EMPLOYEE CLAIM | | | | $235,926.60 |
| 4 | CONSILIO LLC  1828 L STREET NW, SUITE 1070  WASHINGTON, DC  20036 | CONTACT: BILLING DEPT  BILLING@CONSILIO.COM | VENDOR CLAIM | | | | $217,412.41 |
| 5 | KRILANOVICH, JOSEPH  [ADDRESS ON FILE] | CONTACT: JOSEPH KRILANOVICH  [EMAIL ADDRESS ON FILE] | EMPLOYEE CLAIM | Disputed | | | $200,000.00 |
| 6 | DELOITTE & TOUCHE LLP  PO BOX 844708  DALLAS, TX  75284-4708 | CONTACT: AR DEPT  DELOITTEPAYMENTS@DELOITTE.COM | PROFESSIONAL SERVICES | | | | $194,431.00 |
| 7 | GORDON REES SCULLY MANSUKHANI  100 PRINGLE AVENUE, SUITE 300  WALNUT CREEK, CA  94596-3580 | CONTACT: VIANN CORBIN  VCORBIN@GRSM.COM | PROFESSIONAL SERVICES | | | | $175,029.90 |
| 8 | REED SMITH  1841 PAGE MILL ROAD  SUITE 110  PALO ALTO, CA  94303 | CONTACT: SHERONA ELBAZ  SELBAZ@REEDSMITH.COM | PROFESSIONAL SERVICES | | | | $162,923.70 |
| 9 | INTEGRATED MANAGEMENT  8655 EAST VIA DE VENTURA E140  SCOTTSDALE, AZ  85258 | CONTACT: CHAD DEAN  CHAD@INTEGRATEDMGMT.COM | VENDOR CLAIM | | | | $97,963.75 |

Debtor: Linqto Texas, LLC                                Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | NURANI, KARIM [ADDRESS ON FILE] | CONTACT: KARIM NURANI [EMAIL ADDRESS ON FILE] | EMPLOYEE CLAIM | Disputed | | | $69,338.00 |
| 11 | CONSORT PARTNERS INC PO BOX 1747 ROSS, CA 94957-1747 | WHITNEY@CONSORTPARTNERS.COM | VENDOR CLAIM | | | | $60,000.00 |
| 12 | FULLSTORY 1745 PEACHTREE ST. NW, SUITE N ATLANTA, GA 30309 | BILLING DEPT BILLINGS@FULLSTORY.COM | VENDOR CLAIM | | | | $58,858.97 |
| 13 | QURRENT INC 447 SUTTER ST. STE 405 121 SAN FRANCISCO, CA 94108 | CONTACT: BILLING DEPT BILLING@QURRENT.AI | VENDOR CLAIM | | | | $55,000.00 |
| 14 | GONG.IO INC PO BOX 190250 SAN FRANCISCO, CA 94119 | CONTACT: ACCOUNTS RECEIVABLE DEPT ACCOUNTS.RECEIVABLE@GONG.IO | VENDOR CLAIM | | | | $34,340.00 |
| 15 | PLAID, INC. 1098 HARRISON ST. SAN FRANCISCO, CA 94103 | CONTACT: ACCOUNTS RECEIVABLE DEPARTMENT ACCOUNTS-RECEIVABLE@PLAID.COM | VENDOR CLAIM | | | | $31,000.01 |
| 16 | GOODWIN PROCTER LLP 525 MARKET STREET FLOOR 32 SAN FRANCISCO, CA 94105 | CONTACT: DAVID BALDOCK DBALDOCK@GOODWINLAW.COM | PROFESSIONAL SERVICES | | | | $27,118.45 |
| 17 | FLARE ECOSYSTEMS LIMITED 20-22 WENLOCK RD LONDON N1 7GU UNITED KINGDOM | SALES@FLARE.NETWORK | VENDOR CLAIM | | | | $24,997.50 |
| 18 | OKTA PO BOX 743620 LOS ANGELES, CA 90074-3620 | CONTACT: ACCOUNTS RECEIVABLE DEPT PHONE: (800) 588 1656 AR@OKTA.COM | VENDOR CLAIM | | | | $21,492.00 |
| 19 | GEN3 MARKETING 960B HARVEST DRIVE BLUE BELL, PA 19422 | CONTACT: MIKE TABASSO PHONE: 877-258-4199 ACCOUNTSRECEIVABLE@GEN3MARKETING.COM | VENDOR CLAIM | | | | $18,000.00 |
| 20 | INTEGRAL ADVISOR 2 SUDAN LANE SAN CARLOS, CA 94070 | CONTACT: KAREN PEACOCK PHONE: (650) 596-5798 - | VENDOR CLAIM | | | | $17,500.00 |
| 21 | APPSMITH 2261 MARKET STREET 4147 SAN FRANCISCO, CA 94114 | CONTACT: ABHISHEK NAYAK SALES@APPSMITH.COM | VENDOR CLAIM | | | | $15,000.00 |
| 22 | VALIDITY 100 SUMMER STREET SUITE 2900 BOSTON, MA 02110 | CONTACT: JIM TOBOLSKI PHONE: 1-800-961-8205 JIM.TOBOLSKI@VALIDITY.COM; YAY.PAY@VALIDITY.COM | VENDOR CLAIM | | | | $13,598.86 |
| 23 | DATASITE 733 S MARQUETTE AVE, SUITE 600 MINNEAPOLIS, MN 55402 | CONTACT: PAMELA BARTZ PAMELA.BARTZ@DATASITE.COM | VENDOR CLAIM | | | | $12,971.34 |
| 24 | PERFORM LLC 601 GARDEN VIEW SQUARE ROCKVILLE, MD 20850 | CONTACT: ROB KOEBKE SALES@PERFORMLABS.DEV | VENDOR CLAIM | | | | $9,900.00 |

Debtor: Linqto Texas, LLC    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | IMPACT TECH, INC.  223 E. DE LA GUERRA STREET  SANTA BARBARA, CA 93101 | CONTACT: SALES DEPARTMENT  PHONE: 805-324-6021  SALES@IMPACT.COM | VENDOR CLAIM | | | | $9,880.00 |
| 26 | BURRAFATO, NICK  [ADDRESS ON FILE] | CONTACT: NICK BURRAFATO  [EMAIL ADDRESS ON FILE] | EMPLOYEE CLAIM | | | | $8,462.00 |
| 27 | KIMES, BRAD  [ADDRESS ON FILE] | CONTACT: BRAD KIMES  [EMAIL ADDRESS ON FILE] | VENDOR CLAIM | | | | $8,000.00 |
| 28 | NIESAR VESTAL LLP  90 NEW MONTGOMERY STREET  9TH FLOOR  SAN FRANCISCO, CA 94105 | CONTACT: JESSICA TARAN  PHONE: 415-882-5300, EXT. 248  JTARAN@NVLAWLLP.COM | PROFESSIONAL SERVICES | | | | $8,000.00 |
| 29 | PEAK, JOHN  [ADDRESS ON FILE] | CONTACT: JOHN PEAK  [EMAIL ADDRESS ON FILE] | VENDOR CLAIM | | | | $8,000.00 |
| 30 | NASDAQ (BOARDVANTAGE)  151 W 42ND ST.  NEW YORK, NY 10036 | ACCOUNTS.RECEIVABLE@NASDAQ.COM | VENDOR CLAIM | | | | $6,902.08 |

Official Form 204    Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims    Page 3

## List of Customers Who Have the 100 Largest Unsecured Claims

| Rank | Total Unsecured Amount | Customer Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 5,035,002.00 | SKY VENTURES LIMITED | FLAT A, 7/F, TOWER 9, PACIFIC PALISADES, | 1 BRAEMAR HILL ROAD | | BRAEMAR HILL | | | HONG KONG |
| 2 | $ 4,134,707.09 | CUNNINGHAM, ROB | [ADDRESS ON FILE] | | | | | | |
| 3 | $ 4,120,484.13 | HEJNY, CHARLES | [ADDRESS ON FILE] | | | | | | |
| 4 | $ 1,965,584.02 | LEDESMA, RICARDO | [ADDRESS ON FILE] | | | | | | |
| 5 | $ 1,738,418.37 | TUBRE, SHANE | [ADDRESS ON FILE] | | | | | | |
| 6 | $ 1,557,532.85 | ABRAMSON, JAMES | [ADDRESS ON FILE] | | | | | | |
| 7 | $ 1,478,607.00 | PAZDERKA, ROBERT | [ADDRESS ON FILE] | | | | | | |
| 8 | $ 1,315,150.34 | PREET, SURINDER | [ADDRESS ON FILE] | | | | | | |
| 9 | $ 1,277,027.62 | BEER, ERIC | [ADDRESS ON FILE] | | | | | | |
| 10 | $ 1,274,172.00 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |
| 11 | $ 1,264,216.31 | SCHINK, THEODORE | [ADDRESS ON FILE] | | | | | | |
| 12 | $ 1,227,846.00 | VAN DER HOFSTEDE, MICHAEL | CAYA BUNITA BISTA 7 | ARUBA | | NOORD | | | ARUBA |
| 13 | $ 1,227,361.90 | HUSCROFT, MELANIE | [ADDRESS ON FILE] | | | | | | |
| 14 | $ 1,221,151.10 | RAAB, MARIANN DICKMAN | [ADDRESS ON FILE] | | | | | | |
| 15 | $ 1,071,173.40 | SEBASTIAN, VALERIE | NO 68  WEST BEVERLY HILLS LAHUG CEBU | 2ND STREET | | CEBU | | 6000 | PHILIPPINES |
| 16 | $ 1,050,350.62 | ARDI, PAUL | [ADDRESS ON FILE] | | | | | | |
| 17 | $ 1,029,148.32 | SPENCER, BARRY | [ADDRESS ON FILE] | | | | | | |
| 18 | $ 1,028,737.35 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |
| 19 | $ 1,000,060.00 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |
| 20 | $ 1,000,007.00 | DRYDEN, BETH | [ADDRESS ON FILE] | | | | | | |
| 21 | $ 990,376.71 | FEUILLEBOIS, JEROME | PROMENADE DE CASTELLANE 7 | | | MORGES | | 1110 | SWITZERLAND |
| 22 | $ 934,883.23 | PEREGO, PIERRE | RTE SUISSE 2 | VAUD | | ETOY | | 1163 | SWITZERLAND |
| 23 | $ 920,166.22 | SIMMONS, JONATHAN | [ADDRESS ON FILE] | | | | | | |
| 24 | $ 910,624.63 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |
| 25 | $ 908,562.54 | BRIDGES, CHARLES | [ADDRESS ON FILE] | | | | | | |
| 26 | $ 899,165.60 | RAFFA, CHRISTINE | [ADDRESS ON FILE] | | | | | | |
| 27 | $ 857,170.45 | CLARKE, MARTIN | [ADDRESS ON FILE] | | | | | | |
| 28 | $ 835,577.31 | HARPOOL, ROBERT | [ADDRESS ON FILE] | | | | | | |
| 29 | $ 818,156.52 | JAMES, WILLIAM | [ADDRESS ON FILE] | | | | | | |
| 30 | $ 815,414.76 | MUKAI, SHUICHI | [ADDRESS ON FILE] | | | | | | |
| 31 | $ 792,231.86 | CANEPA, ROBERT | [ADDRESS ON FILE] | | | | | | |
| 32 | $ 770,231.95 | LAO, HY | [ADDRESS ON FILE] | | | | | | |
| 33 | $ 768,319.89 | MOBARAK, YASSIN | [ADDRESS ON FILE] | | | | | | |
| 34 | $ 763,908.10 | BEACHLER, ANDREW | [ADDRESS ON FILE] | | | | | | |
| 35 | $ 747,139.10 | DEAN, DONALD | [ADDRESS ON FILE] | | | | | | |
| 36 | $ 743,365.87 | LOVE, JAMES | [ADDRESS ON FILE] | | | | | | |
| 37 | $ 734,383.54 | MIZZO, FRANCIS | [ADDRESS ON FILE] | | | | | | |
| 38 | $ 730,013.40 | CORRADINO, JACK | [ADDRESS ON FILE] | | | | | | |
| 39 | $ 726,003.03 | ROSENBLIT, SETH | [ADDRESS ON FILE] | | | | | | |
| 40 | $ 713,708.70 | MERCIER, PETER | [ADDRESS ON FILE] | | | | | | |
| 41 | $ 710,054.30 | STELYN, WILLIAM | [ADDRESS ON FILE] | | | | | | |
| 42 | $ 703,920.10 | ESP, KATTI | [ADDRESS ON FILE] | | | | | | |
| 43 | $ 690,285.78 | CANLIS, BRIAN | [ADDRESS ON FILE] | | | | | | |
| 44 | $ 683,779.85 | MATHER, TOM JR. | [ADDRESS ON FILE] | | | | | | |
| 45 | $ 675,669.30 | DUKKIPATI, VAMSI | [ADDRESS ON FILE] | | | | | | |
| 46 | $ 661,118.34 | GISH, RANDALL | [ADDRESS ON FILE] | | | | | | |
| 47 | $ 660,944.08 | SONG, LINGFENG | [ADDRESS ON FILE] | | | | | | |
| 48 | $ 660,000.00 | ZLATKIN, MAURICIO | KIRA ISLE CLOSE 60903 / 163 | | | PROVIDENCIALES | | TKCA1ZZ | TURKS AND CAICOS ISLANDS |
| 49 | $ 659,914.77 | PLATTNER, CHRISTOPHER | [ADDRESS ON FILE] | | | | | | |
| 50 | $ 659,468.70 | DUKKIPATI, VAMSI | [ADDRESS ON FILE] | | | | | | |
| 51 | $ 646,300.40 | AKMAKJIAN, JAMES | [ADDRESS ON FILE] | | | | | | |
| 52 | $ 635,502.05 | CASTO, GLEN | [ADDRESS ON FILE] | | | | | | |
| 53 | $ 634,000.00 | GAILEY, SCOTT | [ADDRESS ON FILE] | | | | | | |
| 54 | $ 599,213.07 | GISH, RANDALL | [ADDRESS ON FILE] | | | | | | |
| 55 | $ 599,126.55 | CHALOVICH, JEFF | [ADDRESS ON FILE] | | | | | | |
| 56 | $ 596,502.33 | WICHMANN, KEITH | [ADDRESS ON FILE] | | | | | | |
| 57 | $ 596,326.20 | 10030382 MANITOBA LTD | ATTN: MALIK TAYLOR | 12-1421 ST. JAMES STREET | | WINNIPEG | MB | R3H0Y9 | CANADA |
| 58 | $ 591,108.89 | ALTHAMER, SALEM | BAYAN, BLOCK 10, STREET 1, AVENUE 15 | HOUSE 1 | HAWALLI | KUWAIT | | 8714 | KUWAIT |
| 59 | $ 590,796.90 | COOMBS, CYNTHIA | [ADDRESS ON FILE] | | | | | | |
| 60 | $ 586,756.48 | LANK, ELIZABETH | [ADDRESS ON FILE] | | | | | | |
| 61 | $ 585,821.15 | MAYS, JONATHAN | [ADDRESS ON FILE] | | | | | | |
| 62 | $ 582,951.15 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |
| 63 | $ 575,774.95 | BARR, GEOFF | [ADDRESS ON FILE] | | | | | | |
| 64 | $ 555,967.06 | GARRETT, ADAM | [ADDRESS ON FILE] | | | | | | |
| 65 | $ 555,029.69 | SANJUAN, MIGUEL | [ADDRESS ON FILE] | | | | | | |
| 66 | $ 553,735.23 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |
| 67 | $ 552,971.00 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |
| 68 | $ 552,348.81 | CARNEIRO, ANDRES | [ADDRESS ON FILE] | | | | | | |
| 69 | $ 551,966.37 | HOUSE, CURTIS | [ADDRESS ON FILE] | | | | | | |
| 70 | $ 550,300.00 | SJODERGREN, CHARLES | [ADDRESS ON FILE] | | | | | | |
| 71 | $ 548,240.71 | DEATON, JOHN | [ADDRESS ON FILE] | | | | | | |
| 72 | $ 543,156.46 | BLAKELY, CHRIS | [ADDRESS ON FILE] | | | | | | |
| 73 | $ 540,632.84 | MAYER, ROSS | [ADDRESS ON FILE] | | | | | | |
| 74 | $ 536,352.64 | ALTHAMER, SHABNAN | BAYAN BLOCK 10 | STREET 1 HOUSE 1 AVENUE 15 | KUWAIT | KUWAIT | | 22058 | KUWAIT |
| 75 | $ 528,852.26 | REDCLIFFE, CRAIG | 17 APPLEBY LANE | PAGET PARISH | | PAGET | | PG05 | BERMUDA |
| 76 | $ 526,075.24 | VANEGAS DE DE LA GUARDIA, MARIA LUISA | LA LOMA  CALLE AFRICA  CASA 9 | | | PANAMA | | | PANAMA |
| 77 | $ 519,453.59 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |

## List of Customers Who Have the 100 Largest Unsecured Claims

| Rank | Total Unsecured Amount | Customer Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| 78 | $ 514,590.64 | HUGHES, STEPHEN | 649 YACHT DRIVE | BOX 512 | GRAND CAYMAN | GEORGE TOWN | | KY1-9006 | CAYMAN ISLANDS |
| 79 | $ 510,085.24 | WAGNER, RENEE | [ADDRESS ON FILE] | | | | | | |
| 80 | $ 509,064.59 | CUSHING, JOHN GOWEN | [ADDRESS ON FILE] | | | | | | |
| 81 | $ 505,189.94 | SPAHR, GREGORY | [ADDRESS ON FILE] | | | | | | |
| 82 | $ 505,028.72 | FONTES, PAULO | [ADDRESS ON FILE] | | | | | | |
| 83 | $ 498,626.77 | CARR, DANA | [ADDRESS ON FILE] | | | | | | |
| 84 | $ 490,004.18 | ROSS, DAN | [ADDRESS ON FILE] | | | | | | |
| 85 | $ 489,166.47 | GHAZAN GLOBAL HOLDING, GMBH | RAINERSTRASSE 14 | | | LINZ | | 4020 | AUSTRIA |
| 86 | $ 483,103.95 | LAAKSO, JEREMY | [ADDRESS ON FILE] | | | | | | |
| 87 | $ 478,635.10 | THOMPSON, JAMES | [ADDRESS ON FILE] | | | | | | |
| 88 | $ 472,992.14 | SLIGAR, DAVID | [ADDRESS ON FILE] | | | | | | |
| 89 | $ 468,369.71 | GEMP, DANIEL | [ADDRESS ON FILE] | | | | | | |
| 90 | $ 466,479.89 | ROSEN, RYAN | [ADDRESS ON FILE] | | | | | | |
| 91 | $ 465,986.00 | BURSON, JAMES M | [ADDRESS ON FILE] | | | | | | |
| 92 | $ 459,807.67 | ADAMS, TIMOTHY | [ADDRESS ON FILE] | | | | | | |
| 93 | $ 455,200.65 | [NAME ON FILE] | [ADDRESS ON FILE] | | | | | | |
| 94 | $ 453,099.00 | ELEMENT GLOBAL TECH PVT PORTFOLIO LTD | SIMMONDS BLDG, WICKHAMS CAY 1 | P.O. BOX 4519 | ROAD TOWN TORTOLA | | | | BRITISH VIRGIN ISLANDS |
| 95 | $ 452,542.88 | LIBNER, DEAN | [ADDRESS ON FILE] | | | | | | |
| 96 | $ 452,250.53 | MORISSET, ANTONIO | [ADDRESS ON FILE] | | | | | | |
| 97 | $ 450,114.15 | ALEXANDER, DALE | [ADDRESS ON FILE] | | | | | | |
| 98 | $ 449,474.99 | PEAK, JOHN | [ADDRESS ON FILE] | | | | | | |
| 99 | $ 444,027.00 | PERRY, RUSSELL | [ADDRESS ON FILE] | | | | | | |
| 100 | $ 442,717.58 | MILLENNIUM TRUST CO F/B/O DIVERSIFIED | ALTERNATIVE OPPORTUNITY FUND, LP | ATTN: BRIAN KASAL | 1 N. LASALLE ST., 2225 | CHICAGO | IL | 60602 | |

# LINQTO TEXAS LLC

## ACTION BY WRITTEN CONSENT OF THE MANAGING MEMBER OF LINQTO TEXAS LLC, A TEXAS LIMITED LIABILITY COMPANY

Effective as of July 6, 2025

The UNDERSIGNED, constituting the managing member (the "**Managing Member**") of Linqto Texas LLC, a Texas limited liability company (the "**Company**"), hereby consents in writing to the approval of the following resolutions, pursuant to Title 3, Chapter 101 of the Texas Business Organizations Code and the operating agreement of the Company, as if adopted at a duly convened meeting of the Company at which a quorum was present and acting throughout, which actions are hereby deemed as of the date set forth above (the "**Effective Date**");

**WHEREAS**, by Resolutions dated March 13, 2025, the Board (the "**Linqto Board**") of Linqto, Inc., a Delaware corporation ("**Linqto**"), the parent company of the Company, created a General Committee of the Board (the "**General Committee**") and authorized it to exercise all powers and authority of the Linqto Board that may be delegated to a committee of the Linqto Board pursuant to Section 141(c) of the Delaware General Corporations Law and Section 4.1 of the Bylaws of Linqto during the term of the General Committee;

**WHEREAS**, by Resolutions dated June 3, 2025, the General Committee created a special subcommittee of the General Committee (the "**Special Subcommittee**"), comprised of Alison Kutler, Norman Reed, and Jeremy Rosenthal (collectively, the "**Subcommittee Directors**"), and delegated to the Special Subcommittee certain powers in connection with enumerated matters including authority to conduct an internal investigation of claims involving Linqto, and any of its current or former subsidiaries and affiliates (including the Company), relating to any third party, including without limitation any current or former director, or officer of Linqto and its subsidiaries and affiliates, (collectively, the "**Related Parties**"), as reasonably determined by the Special Subcommittee (each a "**Investigation Matter**");

**WHEREAS**, to the fullest extent permitted by applicable law, the General Committee delegated to the Special Subcommittee the exclusive authority to assert any claims or causes of action regarding any of the Investigation Matters, including the prosecution, assignment and settlement of such matters;

**WHEREAS**, the Special Subcommittee determined and reported to the General Committee that, in the business judgment of the Special Subcommittee, certain resolutions, actions, transactions and documentation contemplated by Linqto constitute Investigation Matters, they are advisable and in the best interests of Linqto, its subsidiaries (including the Company), its creditors, its shareholders and the other parties in interest;

**WHEREAS**, by resolutions dated of even date herewith (the "**Linqto Resolutions**"), the General Committee approved certain resolutions, actions, transactions and documentation of Linqto authorizing Linqto, and each of the following subsidiaries of Linqto: (i) Linqto

Liquidshares LLC, a Delaware limited liability company ("**Liquidshares**"); (ii) Linqto Liquidshares Manager LLC, a Delaware limited liability company ("**Liquidshares Manager**" and collectively with Linqto and Liquidshares, the "**Affiliated Companies**"); and (iii) the Company, to file voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**") pursuant to the applicable law and in accordance with the requirements of the governing documents of the Company and/or Affiliated Companies, as applicable, and (b) retention of the professionals as set forth herein in the chapter 11 cases;

**WHEREAS**, the Managing Member, having reviewed and considered: (a) the Linqto Resolutions; (b) filing a voluntary petition for relief of the Company; and (c) the materials presented by the management of the Company and the Company's financial and legal advisors (collectively, the "**Restructuring Advisors**"), and having adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company and the Affiliated Companies; and

**WHEREAS**, the Managing Member has determined, in its business judgment, that the following resolutions, and transactions contemplated therein, are advisable and in the best interests of the Company, its subsidiaries, its creditors, its shareholders, and other parties in interest.

**NOW, THEREFORE, BE IT:**

<u>**Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code**</u>

**RESOLVED**, that in the business judgment of the Managing Member, it is desirable and in the best interests of the Company, its subsidiaries, its creditors, its shareholders, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a chapter 11 voluntary petition for relief for the Company (the "**Voluntary Petition**") under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements of the Company's governing documents and the applicable laws of the jurisdiction in which the Company is organized, the Company hereby consents to, authorizes and approves, the filing of the Voluntary Petition;

**FURTHER RESOLVED**, that Jeffrey S. Stein, as the Company's Chief Restructuring Officer, and Francis Daniel Siciliano, as the manager of the Company and Linqto's Chief Executive Officer, or any other duly appointed officer of the Company (each an "**Authorized Signatory**" and collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and each of them hereby is authorized, empowered, and directed to: (i) execute and file on behalf of the Company the Voluntary Petition, all petitions, affidavits, declarations, first and second day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operations of the Company's business; (iii) appear as necessary at all bankruptcy proceedings on behalf of the Company; and (iv) pay all such expenses

where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and

**FURTHER RESOLVED**, that the actions of any Authorized Signatory taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery, and verification of the petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity or desirability thereof.

## Retention of Professionals

**RESOLVED**, that the Authorized Signatories be, and hereby are, authorized and directed to employ the law firm of Schwartz, PLLC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Schwartz, PLLC;

**FURTHER RESOLVED**, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Sullivan & Cromwell, LLP, as special regulatory and corporate counsel, to represent and assist the Company with respect to securities law matters, criminal and civil regulatory investigations and other matters as the Company may request from time to time, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements or letters, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ and retain the services of Sullivan & Cromwell, LLP; **FURTHER RESOLVED**, that the Authorized Signatories be, and hereby are, authorized and directed to employ the firm of Jefferies LLC, as investment banker to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Jefferies LLC;

**FURTHER RESOLVED**, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Triple P TRS, LLC, as financial advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Triple P TRS, LLC;

**FURTHER RESOLVED**, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Breakpoint Partners LLC, as restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, including the appointment of Jeffrey S. Stein as the Company's Chief Restructuring Officer, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Breakpoint Partners LLC, as restructuring advisors;

**FURTHER RESOLVED**, that the Authorized Signatories be, and they hereby are, authorized and directed to employ Epiq Corporate Restructuring, LLC, as notice, claims, solicitation and balloting agent in connection with the Voluntary Petition; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Voluntary Petition, and to cause to be filed an appropriate application for authority to retain the services of Epiq Corporate Restructuring, LLC;

**FURTHER RESOLVED**, that the Authorized Signatories be, and they hereby are, authorized and directed to employ ThroughCo Communications, LLC as public relations agent in connection with the Voluntary Petition; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Voluntary Petition, and to cause to be filed an appropriate application for authority to retain the services of ThroughCo Communications, LLC;

**FURTHER RESOLVED**, that the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Voluntary Petition, with a view to the successful prosecution of such bankruptcy case.

### Postpetition Financing Resolution

**RESOLVED**, that the Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute that certain DIP Facility Commitment Letter, dated July 5, 2025, by and between Sandton Capital Solutions Master Fund VI, LP, and the Company, and in

connection therewith, the Authorized Signatories, are, with power of delegation, hereby authorized and directed to execute all appropriate motions, pay appropriate fees and expenses, and to cause to be filed the appropriate documents for authority to enter into that certain Senior Secured Superpriority Debtor-In-Possession Loan Agreement with Sandton Capital Solutions Master Fund VI, LP, as such loan agreement and its related loan documents may be approved in the bankruptcy case.

### General Authorizing Resolutions

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby are, authorized, empowered and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the General Committee;

**FURTHER RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized, empowered, and directed to take any and all actions or to not take any action in the name of the Company consistent with and as contemplated by these resolutions, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

This Resolution may be executed by facsimile, email, portable document format, or other reproduction, and in as many counterparts as may be required; and such execution and all counterparts shall be considered valid, binding, effective for all purposes, and collectively constitute one and the same Resolution.

**IN WITNESS WHEREOF**, the undersigned has executed these resolutions as of the Effective Date.

**MANAGING MEMBER:**

**LINQTO INC.,**
**a Delaware corporation**

By: *F. Daniel Siciliano*
Name: Daniel Siciliano
Title: CEO

[Signature Page to Action By Written Consent of the
Managing Member of Linqto Texas LLC Effective July 6, 2025]