**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>LINQTO TEXAS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 33-4525745 | Chapter 11<br><br>Case No. 25-90186 |
| In re:<br><br>LINQTO, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 27-1350332 | Chapter 11<br><br>Case No. 25-90187 |
| In re:<br><br>LINQTO LIQUIDSHARES LLC,<br><br>Debtor.<br><br>Tax I.D. No. 84-4378976 | Chapter 11<br><br>Case No. 25-90188 |
| In re:<br><br>LINQTO LIQUIDSHARES MANAGER LLC,<br><br>Debtor.<br><br>Tax I.D. No. 84-4388214 | Chapter 11<br><br>Case No. 25-90189<br><br>(Joint Administration Requested)<br>(Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

> **Emergency relief has been requested. Relief is requested not later than 4:00 p.m. on July 8, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 8, 2025 at 4:00 pm in Courtroom 400, 4th Floor, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Avenue, Houston, TX 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's home page. The meeting code is "Judge Perez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and, together with their non-debtor affiliates, "**Linqto**" or the "**Company**") state as follows in support of this motion:[1]

## RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), directing procedural consolidation and joint administration of these Chapter

---

[1] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq*. (as amended, the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure. "**Bankruptcy Local Rule**" or "**BLR**" references are to the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas. All other capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration (as defined herein).

2

11 Cases (as defined below). The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Linqto Texas, LLC, and that the cases be administered under a consolidated caption (the "**Consolidated Caption**"), as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| In re: | ) | Chapter 11 |
|---|---|---|
| LINQTO TEXAS, LLC, *et al.*,[1] | ) ) ) | Case No. 25-90186 |
| Debtors. | ) ) ) | (Jointly Administered) |

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

2.      The Debtors further request that this Court order that the Consolidated Caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Linqto Texas, LLC, to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the Chapter 11 cases of: Linqto, Inc.; Linqto Liquidshares, LLC; Linqto Liquidshares Manager, LLC; and Linqto Texas, LLC. The docket in Case No. 25-90186 should be consulted for all matters affecting this case. All further pleadings and other papers shall be filed and all further docket entries shall be made in Case No. 25-90186.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The Debtors confirm their consent to the entry of a final order by the Court.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are Sections 105(a) and 342(c) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 2002(o), and Bankruptcy Local Rules 1015-1 and 9013-1.

**BACKGROUND**

8. On July 7, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors continue to operate their business and manage their property as debtors and debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") and no request for the appointment of a trustee or examiner has been made.

9. From February of 2020 until March 14, 2025, Linqto operated a platform (the "**Platform**") designed to provide customers (the "**Customers**") with indirect access to investments in the equity of private companies (the "**Issuing Companies**" and each, an "**Issuing Company**"), with a focus on the technology sector. Debtor Linqto Liquidshares LLC ("**Liquidshares**") purchased and held investment securities (the "**Securities**"), comprised of shares of Issuing

Companies and membership units in entities that own shares in Issuing Companies. Liquidshares then purported to allocate economic interests in the Securities to series limited liability companies (the "**Series**") and sell units in the Series to the Customers. More than 13,000 Customers participated through the Linqto Platform. As of the Petition Date, Liquidshares holds Securities in 111 Issuing Companies with an estimated fair market value of in excess of $500 million.

10. Upon their appointment at the beginning of 2025, the Company's new management learned of pending investigations by the U.S. Securities and Exchange Commission (the "**SEC**") and Financial Industry Regulatory Authority, Inc., along with allegations of serious regulatory compliance failures. As Linqto's new leadership team gained access to company records and spoke with Linqto personnel, they quickly developed concerns regarding, among other things, the Company's historical interpretation of and non-compliance with applicable securities laws and its organizational and governance structure. Further investigation uncovered myriad regulatory compliance violations along with a culture of systematic and pervasive non-compliance, requiring immediate and serious corrective action. Linqto's current management, together with the Debtors' professionals, are cooperating with the SEC and other regulators.

11. As new management became aware of the depth and extent of the Company's historical non-compliance with the securities laws, the Company determined that continued operation of the Platform would be ill advised and likely exacerbate the Company's liabilities. As a result, the Company determined to indefinitely suspend operation of the Platform and, by extension, its primary revenue-generating operations, on March 13, 2025.

12. The Company ultimately determined that seeking protection under Chapter 11 will afford the Company the opportunity to (a) preserve the value of its assets, (b) deliberately assess strategic alternatives to maximize the value of its business, (c) negotiate a path forward with the

SEC and other regulators and explore restructuring alternatives that bring its operations and structure into compliance with applicable securities laws, (d) address the Debtors' outstanding liabilities, including the claims of Customers, the SEC, and other regulators, and (e) secure financing to achieve the foregoing objectives.

13. Additional information regarding the Debtors, their business, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in the *Declaration of Jeffrey S. Stein in Support of Chapter 11 Petitions, First Day Motions, and Related Relief* (the "**First Day Declaration**"), filed substantially contemporaneously with the Debtors' voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

## BASIS FOR RELIEF

14. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[t]he court may order joint administration of the estates . . . in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b)(1)(D). Here, the four Debtor entities that commenced Chapter 11 cases are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. In addition, Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.

15. Joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each Debtor entity. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

16. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested but instead will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

17. Bankruptcy Rule 2002(o) provides that notices under Bankruptcy Rule 2002 shall include the information that Section 342(c) requires, including the name, address, and last 4 digits of the taxpayer identification number of the debtor. Fed. R. Bankr. P. 2002(n); 11 U.S.C. § 342(c). All pleadings filed and each notice mailed by the Debtors will include a footnote listing of all the Debtors, the last four digits of their tax identification numbers, and the address of their headquarters.

18. To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by Section 342(c)(1) of the Bankruptcy Code or Bankruptcy Rule 2002(o) is warranted. Including the Debtors' full tax identification numbers and other identifying information on each notice and pleading would be unduly cumbersome and may be confusing to parties in interest. Further, waiver of such requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and the address of their headquarters in each pleading filed and notice served.

19. The relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and, therefore, should be granted.

**EMERGENCY CONSIDERATION**

20. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this motion. The Debtors believe an immediate and orderly transition into Chapter 11 is critical and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. To avoid confusion and facilitate a smooth transition into these Chapter 11 Cases, it is crucial that the cases be jointly administered during the first 21 days, a period during which there will be a significant volume of docket filings and hearings. Failure to obtain the requested relief during the first 21 days of these Chapter 11 Cases may severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring efforts.

21. Moreover, this motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The requested relief will save costs and avoid undue administrative burden and confusion if granted before the applicable deadlines.

22. Accordingly, the Debtors respectfully request that the Court grant the relief requested in this motion on an emergency basis.

**NOTICE**

23. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the holders of the 100 largest customer claims against the Debtors; (d) the DIP Lender; (e) the office of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) other regulatory

agencies having a regulatory or statutory interest in these Chapter 11 Cases; (j) any official or statutory committee appointed in these Chapter 11 Cases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 7, 2025  
Houston, Texas

Respectfully submitted,

**SCHWARTZ PLLC**

*/s/ Gabrielle A. Hamm*  
Gabrielle A. Hamm (TX Bar No. 24041047)  
Veronica A. Polnick (TX Bar No. 24079148)  
Renee D. Wells (TX Bar No. 24013731)  
Athanasios E. Agelakopoulos (*pro hac vice* pending)  
440 Louisiana Street, Suite 1055  
Houston, Texas 77002  
Telephone:     (713) 900-3737  
Facsimile:      (702) 442-9887  
Email:            ghamm@nvfirm.com  
                      vpolnick@nvfirm.com  
                      rwells@nvfirm.com  
                      aagelakopoulos@nvfirm.com  

Samuel A. Schwartz (*pro hac vice* pending)  
601 East Bridger Avenue  
Las Vegas, Nevada 89101  
Telephone:     (702) 385-5544  
Facsimile:      (702) 442-9887  
Email:            saschwartz@nvfirm.com  

*Proposed Counsel for the Debtors and Debtors in Possession*

**Certificate of Accuracy**

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify that the foregoing statements are true and accurate to the best of my knowledge, information, and belief.

*/s/ Gabrielle A. Hamm*
Gabrielle A. Hamm

**Certificate of Service**

I certify that on July 7, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Gabrielle A. Hamm*
Gabrielle A. Hamm