IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>LINQTO TEXAS, LLC, *et al.*,[1]<br><br>Debtors. | )<br>) Chapter 11<br>)<br>) Case No. 25-90186<br>)<br>) (Jointly Administered)<br>) (Re: Docket No. ____) |

**ORDER (I) APPROVING (A) PROCEDURES FOR THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, AND (B) ENTRY INTO BROKER FEE ARRANGEMENTS IN CONNECTION WITH SUCH SALES; (II) APPROVING THE ASSUMPTION OF EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF CERTAIN ASSETS AND RELATED FEE AGREEMENTS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), among other things, (a) authorizing and approving Sale Procedures for the Block Trades of the Reserved Securities, (b) authorizing and approving certain procedures for scheduling a Sale Hearing to approve one or more Block Trades if the Debtors receive objection(s) to a Block Trade from one or more Notice Parties, (c) approving the Debtors' form of notice with respect to the Block Trades, (d) approving the assumption of prepetition Transfer Agreements pursuant to Section 365(a), (e) approving the assumption prepetition Broker Fee Agreements pursuant to Section 365(a) and authorizing the Debtors to enter into new Broker Fee Agreements pursuant to Section 363(b), (f) approving the Block Trades free and clear of the Encumbrances other than those permitted by the applicable

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

Transfer Agreement for the relevant Securities, and (g) granting related relief, all as more fully set forth in the Motion; and upon the Declaration of Jeffrey S. Stein; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion are overruled.

3. The Debtors are authorized to close any Block Trades pending as of the Petition Date, including by assuming existing Transfer Agreements pursuant to Section 365(a), and execute new Block Trades during the Chapter 11 Cases, pursuant to the terms of this Order.

4. The Debtors are authorized to enter into Broker Fee Agreements to facilitate the Block Trades pursuant to Section 363(b) and assume Broker Fee Agreements entered into prior to the Petition Date pursuant to Section 365(a).

5. The Sale Procedures are hereby approved in their entirety.

6. The noticing requirements of the Sale Procedures are hereby approved as follows:

    a. **Block Trade Notice**. The Debtors shall give written notice of each Block Trade, substantially in the form attached to the Order as **Exhibit 1** (a "**Block Trade Notice**"), to the Notice Parties (defined below). Each Block Trade Notice will contain:

        i. a description of the Securities to be sold or transferred;

        ii. the name of the transferee (the "**Purchaser**") and the Purchaser's relationship (if any) to the Debtors;

        iii. the name of the manager of the collective entity, if any, and the collective entity's relationship (if any) to the Debtors;

        iv. the purchase price;

        v. the material terms of the applicable share transfer agreement or unit transfer agreement (each, a "**Transfer Agreement**" and collectively, the "**Transfer Agreements**");

        vi. the name of the Broker, if any, engaged to facilitate the Block Trade; and

        vii. the material terms, including but not limited to the amount of the commission, of the applicable Broker Fee Agreement, if any.

    b. **Notice Parties**. The Debtors shall cause the Block Trade Notice to be served, by email, if available, or overnight delivery, to the following (collectively, the "**Notice Parties**"): (i) counsel to Sandton Capital Solutions Master Fund VI, LP (the "**DIP Lender**"); (ii) counsel to any official committee of unsecured creditors or other specialty interest holders appointed in these Chapter 11 cases (a "**Committee**"); (iii) the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"); (iv) any party known by the Debtors to have an interest in such Securities, including the Issuing Company; (v) the proposed Purchaser; (vi) the proposed Broker; and (vii) those parties requesting notice pursuant to Bankruptcy Rule 2002.

3

    c. **Objections**. Notice Parties shall have three (3) business days to notify Debtors' counsel, by email, of any objection to the Block Trade identified in the Block Trade Notice. If no timely objection is made, the Debtors are authorized to consummate the Block Trade; provided that if a Purchaser requests an order of the Court approving the Block Trade, the Debtors shall file a certification of no objection seeking entry of such proposed order. Upon notice of an objection to a Block Trade, the Debtors have shall three (3) business days to resolve (the "**Resolution Period**") the objecting Notice Parties' objection. Upon expiration of the Resolution Period, if a resolution is not reached, the objecting Notice Parties shall have two (2) business days to file a formal objection (a "**Block Trade Objection**"). The Debtors shall have two (2) business days to file a reply to any Block Trade Objection.

    d. **Resolved Objection**. If any Notice Party timely files a Block Trade Objection, then the Block Trade shall only be consummated upon either (i) submission of a consensual form of stipulation and order resolving the objection as between the Debtors and the objecting Notice Party, or (ii) upon a further order of the Court following a hearing (a "**Sale Hearing**").

    e. **Unresolved Objection**. In the event a Notice Party's Block Trade Objection cannot be resolved, the Debtors may file a copy of the Block Trade Notice with the Court and notice a Sale Hearing as soon as reasonably practicable and in accordance with the Court's calendar. The name of the Purchaser, the name of the collective entity, if any, and any other details the Debtors determine are confidential shall be redacted in any Block Trade Notice filed on the Court's docket and an unredacted copy shall be filed as a Sealed Motion. Notice of the Sale Hearing shall be served on the Notice Parties.

7. Any Block Trade shall be, without need for any action by any party, final, fully authorized by the Court, and free and clear of all Encumbrances, with such Encumbrances, if any, attaching only to the proceeds of such Block Trade with the same validity, extent, and priority as had attached to the applicable Assets immediately prior to such Block Trade.

8. Good faith purchasers of the Reserved Securities pursuant to these Sale Procedures shall be entitled to the protections of Section 363(m) of the Bankruptcy Code.

9. The Debtors shall have the right (exercisable in their sole discretion) to remove any Reserved Securities from a Block Trade Notice or rescind any Block Trade at any time prior to the consummation thereof without further relief from this Court.

10. When a Block Trade is completed, the Debtors will file an itemized statement of the Securities sold, the name of the Purchaser(s), and the consideration received, in accordance with Bankruptcy Rule 6004(f)(1)(A).

11. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, each Block Trade shall (a) be free and clear of (i) all Encumbrances, and any Encumbrances shall attach to the proceeds in the same order and priority, as applicable, and subject to all existing defenses, claims, setoffs, and rights and (ii) any and all claims (as that term is defined in Section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or assignee, as the case may be, in the asset(s), and (b) constitute a legal, valid, and effective transfer of such asset(s) and vest the applicable purchaser with all rights, titles, and interests to the applicable asset(s).

12. In the event of any inconsistencies between this Order and the Motion, this Order shall govern.

13. Notwithstanding any stay that may be imposed by the Bankruptcy Rules or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2025

                                                _____
                                                ALFREDO R. PEREZ
                                                UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Block Trade Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LINQTO TEXAS, LLC, *et al.*,[1] | ) ) | Case No. 25-90186 |
| Debtors. | ) ) ) | (Jointly Administered) |

## BLOCK TRADE NOTICE

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby provide notice of their intention to sell or transfer certain Reserved Securities as described herein (the "**Block Trade**").

1. **Description of Securities**. Debtor Linqto Liquidshares, LLC ("**Liquidshares**") currently owns [_____ shares of the common stock (the "**Common Stock**") of _____ (the "**Issuing Company**")] *or* [_____ units in _____ (the "**Collective Entity**"), which in turn, owns common stock (the "**Common Stock**") of _____ (the "**Issuing Company**")].

2. **Purchaser and Purchase Price**. Liquidshares intends to sell or transfer [_____ shares of Common Stock for $_____ per share for an aggregate price of $_____ (the "**Purchase Price**")] *or* [ _____ units in the Collective Entity for $_____ per unit for an aggregate price of $_____ (the "**Purchase Price**")] to _____ (the "**Purchaser**").

3. **Transfer Agreements**. The shares or units, as applicable, are subject to certain transfer restrictions as set forth in the applicable share transfer agreement or unit transfer

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

agreement (each, a "**Transfer Agreement**"). The applicable Transfer Agreement provides, in relevant part, as follows:

[_____]

4. **Broker**. The Debtors have engaged _____ (the "**Broker**") to facilitate the Block Trade pursuant to the terms of a fee agreement ("**Broker Fee Agreement**"). Pursuant to the Broker Fee Agreement, the Debtors agreed to pay ____ percent of the gross Purchase Price to the Broker upon the closing of the Block Trade.

5. **Notice**. Pursuant to the *Order: (I) Approving (A) Procedures for the Sale of Certain Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, and (B) Entry into Broker Fee Agreements in Connection with Such Sales; (II) Approving the Assumption of Executory Contracts in Connection with the Sale of Certain Assets and Related Fee Agreements; and (III) Granting Related Relief* (the "**Order**"), this Block Trade Notice is being served, by email, if available, or overnight delivery, to the following (collectively, the "**Notice Parties**"): (i) counsel to the DIP Lender; (ii) counsel to any official committee of unsecured creditors or other specialty interest holders appointed in these Chapter 11 cases (a "**Committee**"); (iii) the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"); (iv) any party known by the Debtors to have an interest in the Securities, including the Issuing Company; and (v) those parties requesting notice pursuant to Bankruptcy Rule 2002.

6. **Objections**. Notice Parties have three (3) business days from the date of this Block Trade Notice to notify Debtors' counsel, by email, of any objection to the Block Trade described herein. Upon notice of any objection to the Block Trade, the Debtors shall have three (3) business days to resolve the Notice Parties' objection (the "**Resolution Period**"). Upon expiration of the Resolution Period, the Notice Parties shall have two (2) business days to file a formal objection (a

"**Block Trade Objection**"). The Debtors shall have two (2) business days to file a reply to any Block Trade Objection.

7. If any Notice Party timely objects to the Block Trade, the Block Trade shall only be consummated upon either (i) submission of a consensual form of stipulation and order resolving the objection as between the Debtors and the objecting Notice Party, or (ii) upon a further order of the Court following a hearing (a "**Sale Hearing**"). If no timely objection is made, the Debtors will consummate the Block Trade without further notice or hearing.

8. **Free and Clear Sale**. The Block Trade shall be free and clear of liens, claims, encumbrances and other interests (collectively, the "**Encumbrances**"), other than those permitted by the applicable Transfer Agreement. Any such Encumbrances shall attach only to the proceeds of the Block Trade with the same validity, extent, and priority as existed immediately prior to such Block Trade.

9. **Itemized Statement**. When the Block Trade is completed, the Debtors will file an itemized statement of the Reserved Securities sold, the name of the Purchaser(s), and the consideration received, in accordance with Bankruptcy Rule 6004(f)(1)(A).

10. **Reservation of Rights**. The Debtors reserve the right, in their sole discretion, to remove any Reserved Securities from a Block Trade Notice or rescind any Block Trade at any time prior to the consummation thereof without further order of the Court.

Dated: _____, 2025
Houston, Texas

Respectfully submitted,

**SCHWARTZ PLLC**

/s/ _____
Gabrielle A. Hamm (TX Bar No. 24041047)
Veronica A. Polnick (TX Bar No. 24079148)
Athanasios E. Agelakopoulos (approved *pro hac vice*)
440 Louisiana Street, Suite 1055
Houston, Texas 77002
Telephone:   (713) 900-3737
Facsimile:   (702) 442-9887
Email:       ghamm@nvfirm.com
             vpolnick@nvfirm.com
             aagelakopoulos@nvfirm.com

Samuel A. Schwartz (approved *pro hac vice*)
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone:   (702) 385-5544
Facsimile:   (702) 442-9887
Email:       saschwartz@nvfirm.com

*Proposed Counsel for the Debtors and Debtors in Possession*