IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>LINQTO TEXAS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90186<br><br>(Jointly Administered)<br>(Re: Docket No. ____) |

**ORDER (I) AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (a) authorizing the Debtors to retain and compensate the OCPs identified on the OCP List attached hereto as **Exhibit 1** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order) pursuant to the Compensation Procedures (as defined herein) and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to retain and compensate the OCPs identified on the OCP List attached hereto as **Exhibit 1** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order), in the ordinary course of business, in accordance with the following compensation procedures (collectively, the "**Compensation Procedures**"):

    (a) Each OCP identified on the OCP List shall file with the Court a declaration of disinterestedness substantially in the form attached to this Order as **Exhibit 2** (each a "**Declaration of Disinterestedness**") within 28 days after the later of (i) the date of entry of this Order, (ii) the date on which such OCP commences services for the Debtors, and (iii) the date on which such OCP is added to the OCP List.

    (b) Each OCP shall serve the Declaration of Disinterestedness upon: (i) the Debtors, c/o Linqto, Inc., Attn: Michael Huskins (michael@linqto.com) and Jesus Ancheta (jesus@linqto.com); (ii) the Debtors' restructuring advisors, Breakpoint Partners LLC, Attn: Jeffrey S. Stein (jstein@breakpointpartnersllc.com); (iii) proposed counsel to the Debtors, Schwartz PLLC, 601 East Bridger Avenue, Las Vegas, NV 89101, Attn: Samuel A. Schwartz (saschwartz@nvfirm.com) and Schwartz PLLC, 440 Louisiana Street, Suite 1055, Houston, TX 77002, Attn: Gabrielle A. Hamm (ghamm@nvfirm.com), Veronica A. Polnick (vpolnick@nvfirm.com), and Athanasios E. Agelakopoulos (aagelakopoulos@nvfirm.com); (iv) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Andrew Jimenez (Andrew.Jimenez@usdoj.gov); (v) counsel to the DIP Lender, Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 South 7th Street Minneapolis, MN 55402, Attn: Michael R. Stewart (michael.stewart@faegredrinker.com) and Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor New York, NY 10036, Attn: Richard J. Bernard (richard.bernard@faegredrinker.com); and (vi) counsel for any official or statutory committee appointed in

these Chapter 11 Cases (each a "**Notice Party**" and, collectively, the "**Notice Parties**").

(c) The Notice Parties and any other party in interest shall have 14 days after the service of each OCP's Declaration of Disinterestedness to object to the retention of such OCP (the "**Objection Deadline**"). The objecting party shall serve any such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before this Court on no less than 14 days' notice from that date or on a date otherwise agreeable to the parties thereto.

(d) If no objection is received by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by this Court without hearing or further order of this Court and the Debtors shall be authorized to retain and pay each such OCP (to the extent an objection was not filed). The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtors and pay such OCP as set forth below.

(e) The Debtors reserve the right to modify the OCP List as necessary to (i) add or remove OCPs or (ii) adjust the OCP Cap for an existing OCP, from time to time, in their sole discretion. In the event an OCP is added to the OCP List or an OCP Cap is increased, the Debtors will file a notice (each, an "**OCP Notice**") with this Court and serve the notice on the Notice Parties listing (i) the additional OCPs that the Debtors intend to employ, (ii) each existing OCP whose OCP Cap the Debtors intend to increase, and (iii) each new OCP Cap, as applicable. Each additional OCP listed in the OCP Notice shall serve a Declaration of Disinterestedness on the Notice Parties in accordance with this Order. The Notice Parties and any other party in interest shall have 14 days following the date of service of an OCP Notice to: (i) notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP or the proposed increase of any OCP Cap, (ii) file any such objection with this Court, and (iii) serve any such objection upon each of the Notice Parties so as to be actually received within 14 days of service of such OCP Notice. If no objection to an OCP Notice is timely filed, the OCP List and the OCP Caps, as applicable, shall be deemed modified in accordance with such OCP Notice without a hearing or further order of this Court.

(f) The Debtors shall be authorized to pay, without formal application to this Court by any OCP, 100 percent (100%) of the fees and reimbursable expenses to each of the OCPs retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth

3

    in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided* that the fees of each OCP set forth on the OCP List attached hereto as **Exhibit 1**, excluding costs and reimbursable expenses, may not exceed an aggregate of (i) 10,000.00 per month per OCP designated in Tier 1 on the OCP List, and (ii) 50,000.00 per month per OCP designated in Tier 2 on the OCP List, each calculated as an average over a rolling three-month period while these Chapter 11 cases are pending (each an "**OCP Cap**" and collectively, the "**OCP Caps**").

 (g) To the extent an OCP seeks compensation in excess of the applicable OCP Cap (in each case, the "**Excess Fees**"), the applicable OCP shall: (i) file with this Court a *Notice of Fees in Excess of the OCP Cap* (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, including all time entries and all fees incurred by the OCP for the relevant month; and (ii) serve the Notice of Excess Fees on the Notice Parties. Parties in interest shall then have 14 days to file an objection to the Notice of Excess Fees with this Court. If no objection is filed within 14 days, the Excess Fees shall be deemed approved, and the applicable OCP may be paid 100% of its fees, including any reasonable postpetition retainer or prepayments, and 100% of its expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved by the Debtors, the applicable OCP, and the objecting party within 14 days of its receipt, the Debtors will schedule the matter for a hearing before the Court.

 (h) Beginning with the period ending on September 30, 2025, and in three-month increments thereafter while these Chapter 11 Cases are pending (each, a "**Quarter**"), the Debtors shall file with this Court and serve on the Notice Parties, no later than 30 days after the conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding Quarter. Each OCP's statement shall include (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP. The initial OCP statement shall cover the period beginning on the Petition Date and ending on September 30, 2025, and shall be filed no later than October 30, 2025.

2. To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of the Motion (each such agreement, an "**OCP Agreement**"), such indemnification provisions are

4

approved subject to the following modifications, applicable during the pendency of these cases:

    (a)    The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

    (b)    Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Court.

    (c)    If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by this Court after notice and a hearing.

3.    This Order shall not apply to any professional who is not an OCP or who is retained by the Debtors pursuant to a separate order of this Court.

4. Nothing contained herein shall affect the Debtors' or any party in interest's ability to dispute any invoice submitted by an OCP.

5. Notwithstanding anything herein to the contrary, nothing in this Order shall prevent any party in interest from seeking a determination from this Court (a) requiring an OCP to file a separate retention application under Section 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Caps.

6. The Debtors shall not pay any OCP any amounts for invoiced fees and expense reimbursement until the applicable OCP has filed a Declaration of Disinterestedness with this Court and the applicable Objection Deadline has passed with no objections having been filed or, in the event an objection is filed, until such objection is resolved or upon order of this Court.

7. Nothing in this Order shall preclude an OCP from subsequently seeking retention as an estate professional under Sections 327 or 328 of the Bankruptcy Code.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a). Notwithstanding anything to the contrary herein, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget or cash flow forecasts in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget or cash flow forecasts in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

9. Notwithstanding any stay that may be imposed by the Bankruptcy Rules or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:_____, 2025

                                                                   _____
ALFREDO R. PEREZ
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1
# OCP List

### Tier 1

| Professional/Firm | Nature of Work |
|---|---|
| Minami Tamaki LLC | Legal services – immigration counsel |
| RBSM LLP | Audit services |

### Tier 2

| Professional/Firm | Nature of Work |
|---|---|
| CRCFO | General accounting and tax services |
| Gordon Rees Scully Mansukhani | Legal services – litigation counsel |
| ThroughCo Communications LLC | Communications and public relations |

# EXHIBIT 2

**Form of Declaration of Disinterestedness**

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>LINQTO TEXAS, LLC, *et al.*,[6]<br><br>Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 25-90186 <br> ) <br> ) (Jointly Administered) <br> ) |

**DECLARATION OF DISINTERESTEDNESS OF [OCP] PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [Name], make this declaration (this "**Declaration**") under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2. Linqto Texas, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned Chapter 11 Cases, have requested that the Company provide [specific description] services to the Debtors, namely [specific Debtor(s) for which services are being provided], and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these Chapter 11 Cases. The Company, however, does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter(s) on which the Company is proposed to

---

[6] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

1

be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is proposed to be employed.

7. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

8. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and as such, the Company may file a proof of claim.

9. I further understand that this declaration will not suffice as the Company's proof of claim.

10. As of July 7, 2025, the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Annex 1**.]

11. **[If there is an indemnification agreement]:** Such agreement for indemnification

2

(the "**OCP Agreement**") is subject to the following modifications, applicable during the pendency of the Debtors' Chapter 11 Cases:

(a) The Company shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

(b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the Company, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Company's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Company should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the OCP Agreement (as modified by the Order), including the advancement of defense costs, the Company must file an application therefor in the Court, and the Debtors may not pay any such amounts to the Company before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Company for indemnification, contribution, or reimbursement. In the event that the Company seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Company's own applications, both interim and final, but determined by the Court after notice and a hearing.

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
**[DECLARANT]**