## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LINQTO TEXAS, LLC, *et al.*,[1] | ) ) | Case No. 25-90186 |
| Debtors. | ) ) ) | (Jointly Administered) |

### GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On July 7, 2025 (the "**Petition Date**"), debtors and debtors in possession Linqto, Inc. ("**Linqto**"), Linqto Liquidshares, LLC ("**Liquidshares**"), Linqto Liquidshares Manager, LLC ("**Liquidshares Manager**"), and Linqto Texas, LLC ("**Linqto Texas**" and, collectively with Linqto, Liquidshares, Liquidshares Manager, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and their cases were assigned, respectively, Case No. 25-90186 (the "**Linqto Texas Case**"), Case No. 25-90187 (the "**Linqto Case**"), Case No. 25-90188 (the "**Liquidshares Case**"), Case No. 25-90189 (the "**Liquidshares Manager Case**") (each a "**Bankruptcy Case**" and, collectively, the "**Bankruptcy Cases**").

Each of the Debtors is filing its Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**") (jointly, the "**Schedules and SOFA**") with the Bankruptcy Court pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745].

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and SOFA. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and SOFA.

The Schedules and SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and SOFA contain unaudited information that is subject to further review, potential adjustment, and reflect the Debtors' commercially reasonable efforts to report its assets and liabilities.

### Global Notes and Overview of Methodology

1. **"As of" Information Date**. Unless otherwise indicated herein or in the Schedules and SOFA, all financial information for the Debtors in the Schedules and SOFA and these notes is provided as of July 7, 2025 (the "**Petition Date**") or as close thereto as reasonably practicable under the circumstances.

2. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and SOFA; however, inadvertent errors or omissions may exist. Each Debtor reserves all rights to (i) amend or supplement the Schedules and SOFA from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and SOFA with respect to any claim (each, a "**Claim**") description, designation, or Debtor against which the Claim is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and SOFA as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated," or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not disputed, contingent, or unliquidated. Listing a Claim does not constitute an admission of liability by the Debtor against whom the Claim is listed. Furthermore, nothing contained in any of the Schedules and SOFA shall constitute a waiver of rights with respect to any Bankruptcy Case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of

chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and SOFA except as may be required by applicable law.

3. **Recharacterization**. Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, each Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and SOFA at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date or remain executory and unexpired postpetition, and, conversely, whether certain agreements and contracts may constitute executory contracts. Disclosure of information in one or more Schedules, one or more SOFA question, or one or more exhibits or attachments to the Schedules or SOFA, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

4. **Liabilities**. The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFA. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, each Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedules and SOFA as is necessary or appropriate.

5. **Insiders**. For purposes of the Schedules and SOFA, the Debtors applied the definition of "insiders" set forth in section 101(31) of the Bankruptcy Code. The Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtor; (b) the management responsibilities or functions of any such insider; (c) the decision-making or corporate authority of any such insider; or (d) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

6. **Classifications**. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by any Debtor of the legal rights of the claimant or a waiver of any Debtor's rights to recharacterize or reclassify such Claims or contracts or to assert a setoff of such Claims.

7. **Claims Description**. Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a Debtor's Schedules and SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by any Debtor that such Claim is not subject to objection. Each

Debtor reserves all of its rights to dispute, or assert offsets or defenses to, any Claim reflected on its Schedules and SOFA on any grounds, including liability or classification. Additionally, each Debtor expressly reserves all of its rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by any Debtor.

8. **Causes of Action**. Despite its commercially reasonable efforts to identify all known assets, a Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and SOFA, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Each Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") it may have, and neither these Global Notes nor the Schedules and SOFA shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

   In addition, the Special Subcommittee of the General Committee of the Board of Directors of Linqto, Inc. (the "**Special Subcommittee**") is performing an investigation into the claims, causes of action, and defenses to claims and causes of action that arise under or relate to any transaction, group of related transactions, securities matters, relationships, conduct or omissions involving the Debtors and any of their current and former subsidiaries and affiliates relating to any third party, including, without limitation, any current or former director or officer of the Debtors and any of their current and former subsidiaries, that occurred at any point. The Schedules and SOFA may be amended based on the findings of the Special Subcommittee.

9. **Unknown or Undetermined Amounts**. Where a description of an amount is left blank or listed as "unknown," "undetermined," or "not applicable," such response is not intended to reflect upon the materiality of such amount.

10. **Signature**. The Schedules and SOFA are signed by Jeffrey S. Stein, Chief Restructuring Officer for the Debtors and an authorized signatory of the Debtors. In reviewing and signing the Schedules and SOFA, Mr. Stein has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and the Debtors' professionals and advisors. Mr. Stein has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and SOFA, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

11. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

   a. **Estimates and Assumptions**. Because of the timing of the filings, the Debtors were required to make certain estimates and assumptions that may have affected the reported amounts of these assets and liabilities. Actual results could differ from those estimates, perhaps materially. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

   b. **First Day Orders**. In most instances, amounts paid under various "first day orders" are excluded from the Schedules and SOFA.

   c. **Payables, Credits, and Adjustments**. Claims of creditors are listed in the amounts recorded on the Debtors' books and records, based on invoices received and other relevant documentation from or contracts with such creditors. These amounts may not reflect certain credits, set-offs, allowances, or other adjustments due from such creditors. Additional specific disclosures regarding calculation of certain claims appear below.

   d. **Executory Contracts and Unexpired Leases**. Executory contracts and unexpired leases have been set forth on Schedule G. The Schedules and SOFA do not reflect any claims or estimates for contract rejection damages. Nothing in the Schedules and SOFA is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired or executory).

   e. **Confidentiality**. The Schedules and SOFA have been redacted consistent with the *Order Authorizing the Debtors to (I) Implement Certain Notice Procedures, (II) Redact Certain Personal Identification Information, and (III) Approve the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information* [Docket No. 44].

### Notes for Schedules

The Schedules for each Debtor may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1. **Schedule A/B**
   a. A/B 11: Linqto, Inc. paid taxes to the Internal Revenue Service on behalf of William Sarris, the former CEO of Linqto, Inc., on account of a grant of stock to Ms. Sarris. This payment was made, upon information and belief, at the direction of Mr. Sarris.

   b. A/B 14: Values of shares of publicly traded companies are listed using "mark to

  market" method.

 c. A/B 15: The most recent audited financials are missing issuing company securities held at the Linqto Liquidshares, LLC level. The Debtors intend to have a new audit performed. Value of shares of non-publicly traded companies are listed using a "fair market value" method, which was calculated using an internal methodology.

2. **Schedule F**

 a. Customers are eligible to withdraw cash balances from their accounts, which are not assets of the Debtors' estate. As a result, the claims for customers on Schedule F reflect only amounts which the customers intended to invest in equities, meaning customer cash balances are not included on Schedule F balances. Certain of such entries are contingent, unliquidated, or disputed and customers should find their claim on Schedule F and consult with an attorney to understand their rights and options.

## Notes for Statements

The SOFA may contain explanatory or qualifying notes that pertain to the information provided in the SOFA. Those SOFA-specific notes are incorporated herein by reference. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1. SOFA 14: The entries using the words "Debt Forgiveness" relate to shared services between the Debtors. Linqto, Inc. paid for or provided the shared services and the other Debtor entities (where applicable) incurred a debt to Linqto, Inc. in the corresponding amount.

2. SOFA 25: As set forth in the *Declaration of Jeffrey S. Stein in Support of Chapter 11 Petitions, First Day Motions, and Related Relief* (the "**First Day Declaration**") [Docket No. 10], the Debtors did not operate as intended or prescribed under Liquidshares' Certificate of Formation, the Liquidshares Operating Agreement, the Master Purchase Agreement, or the Subscription Agreements. Liquidshares' original Certificate of Formation did not comply with Section 18-215 of the Limited Liability Company Act of the State of Delaware with respect to formation of a series limited liability company. The original Certificate of Formation did not state that Liquidshares was a series limited liability company in accordance with Delaware law. It also did not include the appropriate addendum authorizing Liquidshares to establish individual series with their own limited liability protections. As a result, the series limited liability companies were not properly formed. For the reasons stated in the First Day Declaration, Liquidshares did not list any series limited liability companies in its SOFA.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Linqto Texas, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 25-90186 |

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  NOT APPLICABLE

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,372.00

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,372.00

## Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .  NOT APPLICABLE

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . .  NOT APPLICABLE

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . .  + $625,000.00

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $625,000.00
   Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor: Linqto Texas, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90186

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: CASH AND CASH EQUIVALENTS

**1. DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
☐ No. Go to Part 2.
☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

**2. CASH ON HAND**
NONE

**3. CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
*(IDENTIFY ALL)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. JP MORGAN CHASE | OPERATING ACCOUNT | 2572 | $5,000.00 |
| 3.2. SILICON VALLEY BANK | OPERATING ACCOUNT | 5865 | $20,372.00 |

**4. OTHER CASH EQUIVALENTS**
NONE

**5. Total of Part 1.**
ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.
$25,372.00

## Part 2: DEPOSITS AND PREPAYMENTS

**6. DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
☒ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**
DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

| Debtor | Linqto Texas, LLC | Case number (if known) | 25-90186 |
|---|---|---|---|
| | (Name) | | |

| | | | Current value of debtor's interest |
|---|---|---|---|
| 8. | **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** | | |
| | DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | | |
| 9 | **Total of Part 2.** ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | | NOT APPLICABLE |

| Part 3: | ACCOUNTS RECEIVABLE |
|---|---|

| 10. | **DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?** |
|---|---|
| | ☒ No. Go to Part 4. |
| | ☐ Yes. Fill in the information below. |

| | | Current value of debtor's interest |
|---|---|---|
| 11. | **ACCOUNTS RECEIVABLE** | |
| 12 | **Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |

| Part 4: | INVESTMENTS |
|---|---|

| 13. | **DOES THE DEBTOR OWN ANY INVESTMENTS?** |
|---|---|
| | ☒ No. Go to Part 5. |
| | ☐ Yes. Fill in the information below. |

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. | **MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** NAME OF FUND OR STOCK: | | |
| 15. | **NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | |
| 16. | **GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1** DESCRIBE: | | |
| 17 | **Total of Part 4.** ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | | NOT APPLICABLE |

| Part 5: | INVENTORY, EXCLUDING AGRICULTURE ASSETS |
|---|---|

| 18. | **DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?** |
|---|---|
| | ☒ No. Go to Part 6. |
| | ☐ Yes. Fill in the information below. |

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **RAW MATERIALS** | | | | |
| 20. | **WORK IN PROGRESS** | | | | |

Debtor  Linqto Texas, LLC  
(Name)

Case number (if known) 25-90186

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 21. | FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE | | | | |
| 22. | OTHER INVENTORY OR SUPPLIES | | | | |
| 23 | **Total of Part 5.** ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | | | | NOT APPLICABLE |
| 24. | **Is any of the property listed in Part 5 perishable?** ☒ No ☐ Yes | | | | |
| 25. | **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?** ☒ No ☐ Yes    Book value _____  Valuation method _____                                    Current value _____ | | | | |
| 26. | **Has any of the property listed in Part 5 been appraised by a professional within the last year?** ☒ No ☐ Yes | | | | |

**Part 6:  FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

| | | | | | |
|---|---|---|---|---|---|
| 27. | **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?** ☒ No. Go to Part 7. ☐ Yes. Fill in the information below. | | | | |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 28. | CROPS—EITHER PLANTED OR HARVESTED | | | |
| 29. | FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| 30. | FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)  (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| 31. | FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED | | | |
| 32. | OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6 | | | |
| 33 | **Total of Part 6.** ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | | | NOT APPLICABLE |
| 34. | **Is the debtor a member of an agricultural cooperative?** ☒ No ☐ Yes.  Is any of the debtor's property stored at the cooperative ?      ☐ No      ☐ Yes | | | |
| 35. | **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?** ☒ No ☐ Yes | | | |
| 36. | **Is a depreciation schedule available for any of the property listed in Part 6?** ☒ No ☐ Yes | | | |
| 37. | **Has any of the property listed in Part 6 been appraised by a professional within the last year?** ☒ No ☐ Yes | | | |

| Debtor | Linqto Texas, LLC | Case number (if known) | 25-90186 |
|---|---|---|---|
| | (Name) | | |

| Part 7: | OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES |
|---|---|

| 38. | DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES? |
|---|---|
| | ☒ No. Go to Part 8. |
| | ☐ Yes. Fill in the information below. |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | OFFICE FURNITURE | | | |
| 40. | OFFICE FIXTURES | | | |
| 41. | OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE | | | |
| 42. | COLLECTIBLES *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

| 43 | Total of Part 7. ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | | NOT APPLICABLE |
|---|---|---|---|---|

| 44. | Is a depreciation schedule available for any of the property listed in Part 7? |
|---|---|
| | ☒ No |
| | ☐ Yes |

| 45. | Has any of the property listed in Part 7 been appraised by a professional within the last year? |
|---|---|
| | ☒ No |
| | ☐ Yes |

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

| 46. | DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES? |
|---|---|
| | ☒ No. Go to Part 9. |
| | ☐ Yes. Fill in the information below. |

| | General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 47. | AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES | | | |
| 48. | WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES  EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| 49. | AIRCRAFT AND ACCESSORIES | | | |
| 50. | OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT) | | | |

| 51 | Total of Part 8. ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | | | NOT APPLICABLE |
|---|---|---|---|---|

| 52. | Is a depreciation schedule available for any of the property listed in Part 8? |
|---|---|
| | ☒ No |
| | ☐ Yes |

| Debtor | Linqto Texas, LLC | Case number (if known) | 25-90186 |
|---|---|---|---|
| | (Name) | | |

**53.** Has any of the property listed in Part 8 been appraised by a professional within the last year?
☒ No
☐ Yes

| Part 9: | REAL PROPERTY |
|---|---|

**54.** DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

**55.** ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**56** Total of Part 9.
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

**NOT APPLICABLE**

**57.** Is a depreciation schedule available for any of the property listed in Part 9?
☒ No
☐ Yes

**58.** Has any of the property listed in Part 9 been appraised by a professional within the last year?
☒ No
☐ Yes

| Part 10: | INTANGIBLES AND INTELLECTUAL PROPERTY |
|---|---|

**59.** DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **60.** | PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS | | | |
| **61.** | INTERNET DOMAIN NAMES AND WEBSITES | | | |
| **62.** | LICENSES, FRANCHISES, AND ROYALTIES | | | |
| **63.** | CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS | | | |
| **64.** | OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY | | | |
| **65.** | GOODWILL | | | |

**66** Total of Part 10.
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

**NOT APPLICABLE**

**67.** Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☒ No
☐ Yes

**68.** Is there an amortization or other similar schedule available for any of the property listed in Part 10?
☒ No
☐ Yes

**69.** Has any of the property listed in Part 10 been appraised by a professional within the last year?
☒ No
☐ Yes

| Debtor | Linqto Texas, LLC | Case number (if known) | 25-90186 |
|---|---|---|---|
| | (Name) | | |

| Part 11: | ALL OTHER ASSETS |
|---|---|

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| **71.** | **NOTES RECEIVABLE** | |
| | DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| | NONE | |
| **72.** | **TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** | |
| | DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| | NONE | |
| **73.** | **INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| 73.1. | EVEREST NATIONAL INS. CO. DIRECTORS AND OFFICERS LEAD SIDE A & DIC POLICY  - POLICY NUMBER SA00000167-251* NO CASH VALUE; AS OF THE PETITION DATE, DEBTOR IS ENTITLED TO A REFUND OF UNEARNED PREMIUMS IN THE EVENT OF A CANCELLATION IN THE APPROXIMATE AMOUNT OF $292K | $0.00 |
| 73.2. | LLOYDS OF LONDON EXCESS D&O - - POLICY NUMBER AMB06139*  NO CASH VALUE; AS OF THE PETITION DATE, DEBTOR IS ENTITLED TO A REFUND OF UNEARNED PREMIUMS IN THE EVENT OF A CANCELLATION IN THE APPROXIMATE AMOUNT OF $92K | $0.00 |
| 73.3. | XL SPECIALTY INSURANCE CO EXCESS D&O - - POLICY NUMBER ELU203509-25 * NO CASH VALUE; AS OF THE PETITION DATE, DEBTOR IS ENTITLED TO A REFUND OF UNEARNED PREMIUMS IN THE EVENT OF A CANCELLATION IN THE APPROXIMATE AMOUNT OF $109K | $0.00 |
| **74.** | **CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |
| | NONE | |
| **75.** | **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
| | NONE | |
| **76.** | **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |
| | NONE | |
| **77.** | **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |
| | NONE | |
| **78** | **Total of Part 11.**  ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | $0.00 |
| **79.** | Has any of the property listed in Part 11 been appraised by a professional within the last year? ☒ No ☐ Yes | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80.** **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $25,372.00 | |

| Debtor | Linqto Texas, LLC | Case number (if known) | 25-90186 |
|---|---|---|---|
| | (Name) | | |

| | | |
|---|---|---|
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | |
| 83. | **Investments.** *Copy line 17, Part 4.* | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | |
| 88. | **Real property.** *Copy line 56, Part 9.* ➔ | N/A |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | |
| 90. | **All other assets.** *Copy line 78, Part 11.*    +  $0.00 | |
| 91. | **Total.** Add lines 80 through 90 for each column . . . . . . . . 91a.   $25,372.00   + 91b.   N/A | |
| 92. | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $25,372.00 |

**Fill in this information to identify the case:**

Debtor: Linqto Texas, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90186

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property 12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

| Fill in this information to identify the case: | |
|---|---|
| Debtor | Linqto Texas, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 25-90186 |

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☒ No. Go to Part 2.
   ☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**Do any creditors have nonpriority unsecured claims?** (See 11 U.S.C. § 507).
☐ No.
☒ Yes.

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>LINQTO, INC.<br>101 METRO DR, STE 335<br>SAN JOSE, CA  95110<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>INTERCOMPANY CLAIM<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $625,000.00 |

Official Form 206E/F         Schedule E/F: Creditors Who Have Unsecured Claims         Page 1 of 2

| Debtor | Linqto Texas, LLC | Case number (if known) | 25-90186 |
|---|---|---|---|
| | (Name) | | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | NOT APPLICABLE |
| 5b. | Total claims from Part 2 | 5b. + | $625,000.00 |
| 5c. | **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $625,000.00 |

Official Form 206E/F  Schedule E/F: Creditors Who Have Unsecured Claims  Page 2 of 2

**Fill in this information to identify the case:**

Debtor: Linqto Texas, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90186

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases   12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**Fill in this information to identify the case:**

Debtor: Linqto Texas, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90186

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors 12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**
   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☒ Yes.

2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1 | LINQTO LIQUIDSHARES LLC | 101 METRO DR, STE 335<br>SAN JOSE, CA 95110-1376 | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | LINQTO LIQUIDSHARES MANAGER LLC | 101 METRO DR, STE 335<br>SAN JOSE, CA 95110-1376 | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | LINQTO, INC. | 101 METRO DR, STE 335<br>SAN JOSE, CA 95110 | | ☐ D<br>☐ E/F<br>☐ G |

| | |
|---|---|
| **Fill in this information to identify the case:** | |
| Debtor | Linqto Texas, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 25-90186 |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/11/2025
MM / DD / YYYY

✗ /s/ Jeffrey S. Stein
Signature of individual signing on behalf of debtor

Jeffrey S. Stein
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**