United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LINQTO TEXAS, LLC, *et al.*,[1] | Case No. 25-90186 |
| Debtors. | (Jointly Administered) |
| | Re: Docket No.: 129 |

## ORDER (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF JEFFERIES LLC AS INVESTMENT BANKER (B) WAIVING AND MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS, AND (C) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to retain and employ Jefferies LLC ("Jefferies") as their investment banker, effective as of the Petition Date, pursuant to the terms and subject to the conditions of the Engagement Letter, which is attached as **Exhibit A** to the Application, as modified by this Order, (b) waiving and modifying certain of the time-keeping requirements, and (c) granting related relief, all as more fully set forth in the Application; and upon the O'Hara Declaration; and this Court having jurisdiction over this matter pursuant to to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied, based on the representations made in the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Application.

2

Application and the O'Hara Declaration that Jefferies is "disinterested" as such term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, and as required under § 327(a) of the Bankruptcy Code, and that Jefferies does not hold or represent an interest adverse to the Debtors' estates; and any objections to the Application having been resolved or overruled; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and that this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"), and that this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

    1. Pursuant to §§ 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to retain and employ Jefferies as their investment banker in the Chapter 11 Cases as of the Petition Date, pursuant to the terms and subject to the conditions set forth in the Engagement Letter attached to the Application as **Exhibit A**, as modified by this Order.

    2. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), as modified by this Order, including without limitation the Fee and Expense Structure, are approved pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and

conditions, and at the times specified, in the Engagement Letter. Subject to Paragraph 3 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in § 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in § 330 of the Bankruptcy Code.

3. Jefferies shall file fee statements and applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules or Bankruptcy Local Rules as may then be applicable, and any other applicable orders and procedures of the Court; *provided*, *however*, that Jefferies shall be compensated and reimbursed pursuant to § 328(a) of the Bankruptcy Code and that Jefferies' fees and expenses shall not be evaluated under the standard set forth in § 330 of the Bankruptcy Code, *except that*, notwithstanding any provisions to the contrary in this Order, the Application or any of its attachments, the U.S. Trustee shall retain all rights and be entitled to object to Jefferies' request(s) for fees and reimbursement of expenses, including but not limited to those set forth in the final fee application, under the standards provided in §§ 330 and 331 of the Bankruptcy Code.

4. Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, Jefferies shall comply with all requirements of Bankruptcy Rule 2016(a), and Bankruptcy Local Rule 2016-1, including all information and time-keeping requirements of subsection (d) of Bankruptcy Local Rule 2016-1, except that Jefferies and its professionals shall be permitted to maintain time records of services rendered for the Debtors in one-half (1/2) hour increments.

5. Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Jefferies absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals, *except that*, the Debtors are authorized to pay the Monthly Fee to Jefferies each month when required under the Engagement Letter without a prior fee statement or application; *provided that* Jefferies shall file interim fee applications with time entries and requests for reimbursement that comply with Bankruptcy Local Rule 2016-1, except as otherwise expressly set forth in this Order, pursuant to the deadlines and other procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals.

6. In the event that, during the pendency of these Chapter 11 Cases, Jefferies requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Jefferies' own fee applications, and such invoices and time records shall be in compliance with Bankruptcy Local Rule 2016-1 and subject to approval of the Court under the standards of §§ 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy § 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Jefferies shall only be reimbursed for any legal fees incurred in connection with these cases to the extent permitted under applicable law and the decisions of the Court. Jeffries shall not seek reimbursement from the Debtors' estates for any fees or expenses incurred in defending any of Jeffries' fee applications in these Chapter 11 Cases.

7. The indemnification, contribution, and reimbursement provisions included in **Schedule A** to the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these Chapter 11 Cases:

(a) Indemnified Persons (as that term is defined in **Schedule A** to the Engagement Letter) shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for claims arising from services other than the services provided under the Engagement Letter, unless such services are approved by the Court;

(b) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or entity or provide contribution or reimbursement to any person or entity for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from that person's or entity's gross negligence, willful misconduct, fraud, breach of fiduciary duty (if any) or bad faith, or (ii) for a contractual dispute in which the Debtors allege breach of the obligations of Jefferies or another Indemnified Person under the Engagement Letter unless the Court determines that indemnification, contribution, or reimbursement would be permissible under applicable law, or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

(c) If, during the pendency of the chapter 11 cases, the indemnification provided in **Schedule A** to the Engagement Letter is held unenforceable by reason of the exclusions set forth in paragraph (b) above, and Jefferies or another Indemnified Person makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on Jefferies' contribution obligations set forth in the second and third sentences of the fifth paragraph of **Schedule A** shall not apply;[3] and

(d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the chapter 11 cases, Jefferies or another Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without

---

[3] For the avoidance of doubt, the fifth paragraph of Schedule A to the Engagement Letter is the paragraph that begins, "If, for any reason..."

5

limitation, the advancement of defense costs, Jefferies must file an application before the Court and the Debtors may not pay any such amounts before the entry of an order by the Court approving the payment; *provided, however*, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies or any other Indemnified Person.

8. Notice of this Application as provided therein constitutes good and sufficient notice of the Application.

9. To the extent the Application, the Engagement Letter, or the O'Hara Declaration are inconsistent with this Order, the terms of this Order shall govern.

10. To the extent the Debtors wish to expand the scope of Jefferies' services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying Engagement Letter with the Court and serve such notice on the U.S. Trustee and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 days of the Debtors filing such notice, the Proposed Additional Services and any underlying Engagement Letter may be approved by the Court by further order without further notice or hearing.

11. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

/ / /

/ / /

13. The Court shall retain to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: August 19, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge