IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LINQTO TEXAS, LLC, *et al.*,[1] ) | Case No. 25-90186 (ARP) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

### OBJECTION OF GEORGE FETKO
### TO DEBTORS' MOTION TO (i) APPROVE DIP FINANCING [DOCKET NO. 16] AND (ii) USE PROCEEDS OF BLOCK SALES AND RIPPLE SALES [DOCKET NO. 79]

George Fetko, a *pro se* creditor with claims against the above-captioned debtors (collectively, the "Debtors") in these chapter 11 cases (the "Cases"), including claims for fraud, misrepresentation and/or conversion of my beneficial ownership of certain "Disputed Securities" (as defined below), submits this objection and reservation of rights with respect to (i) the Debtors' *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Granting Leins and Providing Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 16] (the "DIP Motion") and (ii) the Debtors' *Motion for Entry of an Order (I) Authorizing the Use of Estate Proceeds Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Determining that the Ripple Sale Proceeds Are Assets of the Bankruptcy Estate, and (III) Granting Related Relief* [Docket No. 79] (the "Proceeds Motion")[2] and respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

[2] Capitalized terms not otherwise defined in this Objection have the meaning assigned to such terms in the DIP Motion or the Proceeds Motion as the context requires.

1

1.      I hold investments in multiple Linqto-related, non-debtor Special Purpose Vehicles (collectively, "SPVs") through which I own or have a beneficial interest in shares of Ripple, SpaceX, and other Linqto portfolio companies.

2.      I object to the DIP Motion and object to the Proceeds Motion because:

   a.    In his letter to the Linqto community, dated August 21, 2025, Dan Siciliano, the CEO of the Debtors, admitted that substantial fraud was at the heart of Linqto's financial crisis, but also indicated that the Debtors believe the SPVs "were simply not established." The relief requested in the DIP Motion and the Proceeds Motion appear to be based on this theory, i.e., that the Debtors own, outright, the shares of the portfolio companies acquired using my money and that of 13,000 other SPV investors (collectively, the "SPV Investors") as well as the proceeds thereof, and that they can use these shares/proceeds free and clear of the SPV Investors' ownership interests. This is simply not true. On September 8, 2023, and March 19, 2024 I signed Subscription Agreements with Linqto LiquidShares LLC ("LiquidShares"), making me a member of one or more SPVs, and subsequently, I received certificates evidencing my interests therein and IRS tax forms and account statements evidencing my ownership interests. Though Linqto LiquidShares Manager, LLC ("LS Manager"), as Managing Member of the SPVs, may have breached its obligations to me to transfer to me the portfolio companies' shares it purchased on my behalf, I have, at a minimum, a beneficial interest in those shares that LiquidShares holds, in trust, on my behalf.

   b.    The SPVs' assets include title to and beneficial interests in "Company Investments," as more specifically set forth in the Second Amended and Restated Limited Liability Company Operating Agreement of Liquidshares, a Delaware Series Limited Liability Company (the

"LOA") (see e.g., §§ 1.4(a) and (e) and 2.2(c) and (d) of the LOA),[3] and I respectfully submit that such assets include all the securities identified in Mr. Stein's First Day Declaration [Docket No. 10], the Debtors' Schedules, and all current and future proceeds thereof, including the December Ripple Tender Proceeds and proceeds of any past or future "Block Trades" (collectively, the "Disputed Securities"). These Disputed Securities are not property of the estate under Bankruptcy Code section 541, as LiquidShares has, at best, bare legal title to the Disputed Securities. Section 363 of the Bankruptcy Code does not permit the Debtors to use property that is not property of the estate, and section 364 does not permit this Court to grant liens on property that is not property of the estate.[4] Accordingly, I submit that the relief requested in the Proceeds Motion (and in the DIP Motion to the extent the Disputed Securities are intended to be used as collateral for the DIP Facility) should be denied.

   c. While I applaud the Debtors and the UCC's recently announced efforts to avoid costly litigation and resolve ownership issues consensually in a plan, the real parties-in-interest here, investors like myself, have no proper representation to protect our interests in the solution-seeking process or, apparently, in connection with the proposed funding of the costs of these Cases. LS Manager, the Managing Member of the SPVs under the LOA, is hopelessly conflicted in these Cases and has yet to bring a motion to establish a constructive trust for its constituents' benefit. If a section 541 adversary proceeding is not going to be filed to protect the SPV Investors' interests and/or this Court were to permit the Debtors free access to, and use of, the Disputed Securities and their proceeds to fund the costs of these Cases, then the SPV Investors' interests must be adequately protected under Bankruptcy Code section 363(e).

---

[33] As the LOA is confidential, I can only provide a copy of the LOA to the Court in camera and under seal.
[4] Moreover, section 2.6 of the LOA requires the prior written consent of not less than 50% in interests (based on subscription amounts) of the Members of a Series before LiquidShares can borrow money.

    d.  I respectfully submit that, to provide the SPV Investors with adequate protection of their interests in the Disputed Securities and proceeds thereof, this Court should (i) grant a second priority security interest to all SPV Investors in the collateral that currently secures the Interim DIP Facility (and that may secure any Final DIP Facility authorized by this Court) and (ii) authorize the Debtors' estate to pay my documented legal expenses and the documented legal expenses of any ad hoc group of SPV Investors that I might form that are incurred in connection with these Cases.

  3.  I reserve all my rights with respect to any request by the Debtors or any other person to use or sell all, or any portion, of the Disputed Securities or the proceeds thereof.[5]

  4.  I respectfully request that this Court (i) grant a second priority security interest to all SPV Investors in the collateral that currently secures the Interim DIP Facility (and that may secure any Final DIP Facility authorized by this Court) as adequate protection for the interests of the SPV Investors in the Disputed Securities, and (ii) authorize the Debtors to pay my documented legal expenses and the documented legal expenses of any ad hoc group of SPV Investors that I might form that are incurred in connection with these Cases.

Dated: Powhatan, VA
   September 5, 2025

_____
George Fetko

---

[5] I have recently filed a Notice of Appearance and Request for Pleadings with this Court to receive notice of all such requests.