September 23, 2025

United States Courts
Southern District of Texas
FILED

SEP 29 2025

Nathan Ochsner, Clerk of Court

Attn: Clerk's Office
United States Bankruptcy Court (Case No. 25-90186)
515 Rusk Street, Suite 5300
Houston, TX 77002

Re: Objection to Liquidating Trust, Closed-End Fund, Fees; Objection to Dockets 16 & 79; Joinder in Docket 142

Case No. 25-90186 – In re Linqto, Inc.

Dear Judge Lopez:

I am an investor in Linqto SPVs and respectfully object to the Debtors' posture in these proceedings.

For years, Linqto issued Schedule K-1s that were filed with the IRS, prepared with Deloitte & Touche audits, and provided to investors. These filings consistently confirmed the existence of the SPVs, the allocations of ownership, and our beneficial interests in the underlying securities. Now, the Debtors claim that "the Series were never properly formed or maintained" and that "customers do not hold title to or beneficial interest in securities." This directly contradicts years of tax filings and audited statements upon which investors and the IRS have relied in good faith. The burden should fall on Linqto (or the bankruptcy estate) to reconcile why it filed one version of reality for years and now presents a completely opposite version. This inconsistency highlights why investors must be protected. I respectfully request the Court to consider the following:

## 1. CONSTRUCTIVE TRUST
Preserve and segregate the assets purchased through SPVs with investor capital, as reflected in the K-1 filings, by imposing a constructive trust for the benefit of SPV investors.

## 2. DISMISSAL
If the Debtors cannot substantiate their claims regarding the SPVs, this case may not properly belong in Chapter 11, as investors are not debtors.

### 3. INDEPENDENT TRUSTEE
At minimum, appoint a neutral, independent trustee to investigate these discrepancies and protect investors' rights.

### 4. OBJECTION TO LIQUIDATING TRUST, CLOSED-END FUND, AND FEES
The proposal advanced by the Unsecured Creditors Committee would dilute investors' interests, impose unnecessary fees, and create new administrative burdens. This is not an appropriate substitute for preserving what investors already own.

### 5. OBJECTION TO DOCKET 16 – DIP FINANCING MOTION
Docket 16 seeks approval for debtor-in-possession financing drafted so broadly that it would pledge all debtor assets— including Ripple shares, Circle shares, and Ripple proceeds from SPVs — as collateral. These SPV assets were purchased with investor funds and are held for their benefit, not the debtor's. Including them as collateral would improperly transfer investor-owned property to secure debtor obligations.

### 6. OBJECTION TO DOCKET 79 – USE OF $18.8 MILLION IN RIPPLE PROCEEDS
The $18.8 million in Ripple proceeds referenced in Docket 79 came from the sale of SPV assets fully funded by investors. These proceeds should be distributed to SPV investors in accordance with SPV agreements — not used to pay bankruptcy administrative costs or debtor legal bills.
Allowing this would force investors to finance a bankruptcy they neither caused nor benefit from.

### 7. JOINDER AND SUPPORT FOR DOCKET 142 – PROTECTION OF SPV ASSETS & CONSTRUCTIVE TRUST
I join in and fully support **Docket 142**, filed by attorney John Deaton, which seeks to:
- Exclude SPV-owned Ripple shares, Circle shares, and Ripple proceeds from the bankruptcy estate;
- Establish that such assets are held in constructive trust for SPV investors;
- Prevent these assets from being pledged as collateral or sold to fund bankruptcy administration.

I adopt the legal and factual arguments presented in Docket 142 in full and incorporate them herein by reference.

As an investor, I acted in reliance on documents filed with federal authorities. To now be told those filings do not represent ownership raises serious concerns of credibility and fairness. I urge the Court to protect investors by imposing a constructive trust, appointing an independent trustee, or dismissing the case — and by rejecting proposals that would substitute new, fee-laden structures for the ownership interests investors were already promised.

Thank you for your attention to this matter.

Respectfully,

*Jennifer M Cushing*

**JENNIFER M CUSHING**
**5316 RED BUD CV**
**FLOWER MOUND TX 75028**

Investor in Linqto SPVs