UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>LINQTO TEXAS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90186<br><br>(Jointly Administered) |

### SWAGAR PARTIES' LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING THE DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENT BETWEEN THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE DEATON PARTIES REGARDING RIPPLE TENDER PROCEEDS, DIP FINANCING, AND CUSTOMER TREATMENT PURSUANT TO BANKRUPTCY RULE 9019, AND (II) GRANTING RELATED RELIEF

Ryan Swagar, The WRS 2020 Family Trust, and The Katherine Swagar 2020 Descendants Trust (together, the "Swagar Parties"), by and through their undersigned counsel, hereby submit this limited objection and reservation of rights (the "Limited Objection") with respect to *The Debtors' Emergency Motion for Entry of an Order (I) Approving Settlement Between the Debtors, the Official Committee of Unsecured Creditors, and the Deaton Parties Regarding Ripple Tender Proceeds, DIP Financing, and Customer Treatment Pursuant to Bankruptcy Rule 9019, and (II) Granting Related Relief*[2] (ECF No. 505, the "Settlement Motion") filed by the Debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

[2] Capitalized terms used but not otherwise defined in the Statement shall have the meaning ascribed to them in the Settlement Motion.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

1. On July 7, 2025, the Debtors initiated these Chapter 11 Cases.

2. On July 14, 2025, the Debtors filed the Ripple Motion, which seeks, *inter alia*, (i) authority to use the Ripple Tender Proceeds, and (ii) determination that the Ripple Tender Proceeds are assets of the Debtors' bankruptcy estate which be used for daily operations of the Debtors' enterprise. *See* Settlement Motion ¶ 20.

3. On September 2, 2025, the Swagar Parties filed the *Swagar Parties' Limited Objection and Reservation of Rights Regarding the Debtors' Motion for Entry of an Order (I) Authorizing the Use of Estate Proceeds Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Determining That the Ripple Sale Proceeds Are Assets of the Bankruptcy Estate, and (III) Granting Related Relief* (ECF No. 435, the "Swagar Ripple Motion Objection").

4. Through the Swagar Ripple Motion Objection, and for the reasons set forth in the Swagar Ripple Motion Objection, the Swagar Parties sought to (i) reserve all rights with respect to the appropriateness of the use of Ripple Tender Proceeds to the extent the Ripple Tender Proceeds derive from Ripple shares obtained by the Debtors through the Swagar Transactions (as defined in the Swagar Ripple Motion Objection); (ii) reserve all rights with respect to the distribution or sale of any unsold Ripple shares obtained by the Debtors through the Swagar Transactions; and (iii) reserve the Swagar Parties' rights to seek other appropriate relief, including to pursue rescission or other claims to obtain property of the Debtors' estates resulting from the Swagar Transactions. *See* Swagar Ripple Objection ¶ 10.

5. On September 16, 2025, the Debtors filed the Settlement Motion, which seeks Court approval of a settlement entered into by the Debtors, the Official Committee of Unsecured Creditors (the "UCC"), and the Deaton Parties (as defined in the Settlement Motion) resolving the

UCC and Deaton Parties' objections to the Ripple Motion and DIP Financing Motion. *See* Settlement Motion at 2. The Settlement Motion notes that, with respect to the Ripple Tender Proceeds, "the Settlement Parties have agreed the Plan will provide those Customers affected by the sale of Ripple shares with a separate ratable interest related to the cash held by the Debtors." Settlement Motion ¶ 29.

6. As the Settlement Motion implicates the use of Ripple Tender Proceeds, *see* Settlement Motion ¶ 26, 29, for which the Swagar Parties may pursue rescission or other claims, the Swagar Parties submit this Limited Objection to restate their reservation of rights. The Swagar Parties hereby request that any Order made in connection with the Settlement Motion be amended so that (i) the Swagar Parties are not prejudiced by virtue of an Order granting the Settlement Motion, and (ii) the Swagar Parties' rights to pursue claims as stated in this Limited Objection are preserved and not adversely affected by the Order.

7. Through this Limited Objection, the Swagar Parties reserve all rights with respect to the appropriateness of the use of Ripple Tender Proceeds to the extent the Ripple Tender Proceeds derive from Ripple shares obtained by the Debtors through the Swagar Transactions. The Swagar Parties also reserve all rights with respect to the distribution or sale of any unsold Ripple shares obtained by the Debtors through the Swagar Transactions. Finally, the Swagar Parties expressly reserve all rights to object or seek discovery as to any Chapter 11 Plan or any other plan of distribution or action to be taken by the Debtors in connection with the distribution of assets or the treatment of claims or interests, including without limitation the treatment of purported "customer" claims. The Settlement Stipulation (as defined in the Settlement Motion) is between the Debtors, the UCC, and the Deaton Parties only; neither the Swagar Parties nor any other creditor is a party to, or is bound by, the Settlement Stipulation or the Term Sheet attached thereto.

The Debtors have not yet filed any Chapter 11 Plan or plan of distribution. Notwithstanding the Term Sheet, or approval of the Settlement Motion, the Swagar Parties, as well as other parties in interest, maintain their rights to review any Chapter 11 Plan, seek discovery on such Plan, vote against the Plan, object to the Plan or otherwise assert their rights with respect to any Plan, including any Plan that violates the Bankruptcy Code or otherwise applicable law.

8. This Limited Objection is without prejudice to the Swagar Parties' right to seek other appropriate relief, including to pursue recission or other claims to obtain property of the Debtors' estates resulting from the Swagar Transactions.

*[The remainder of this page is left blank intentionally.]*

Dated: October 1, 2025

Respectfully submitted,

*/s/ Sean A. O'Neal*
Sean A. O'Neal (admitted *pro hac vice*)
Joshua Brody (admitted *pro hac vice*)
Madeline Finnegan (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
soneal@cgsh.com
jbrody@cgsh.com
mafinnegan@cgsh.com

*Counsel for Ryan Swagar, The WRS 2020 Family Trust, and the Katherine Swagar 2020 Descendants Trust*