IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| LINQTO TEXAS, LLC, *et al.*,[1] | ) Case No. 25-90186 |
| Debtors. | ) (Jointly Administered) |

**DEBTORS' MOTION (I) TO COMPEL X CORP TO COMPLY WITH THE DEBTORS' REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004 AND (II) GRANTING RELATED RELIEF**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A virtual hearing will be conducted on this matter on October 31, 2025 at 12:00 p.m. in Courtroom 400, 4th Floor, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Avenue, Houston, TX 77002.**

**You may participate in the hearing by an audio and video connection only.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's home page. The meeting code is "Judge Perez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: P.O. Box 2859, Sunnyvale, CA 94087.

1

The above-captioned debtor and debtors-in-possession (collectively, the "**Debtors**" and, together with their non-debtor affiliates, "**Linqto**") file this motion, and in support hereof respectfully state as follows:[2]

## RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), (a) compelling X Corp. ("**X**") to produce the documents requested in the Debtors' Rule 2004 Requests (defined herein), and (b) granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The Debtors confirm their consent to the entry of a final order by the Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, Bankruptcy Local Rules 2004-1, 1075-1 and 9013-1, and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

6. On July 7, 2025, the Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

---

[2] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq*. (as amended, the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure. "**Bankruptcy Local Rule**" or "**BLR**" references are to the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas. Other capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration (as defined herein).

7. The Debtors continue to operate their business and manage their property as debtors and debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On July 18, 2025, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors [Docket No. 98]. To date, no request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

8. Additional information regarding the Debtors, their business, and the facts and circumstances supporting the Debtors' Chapter 11 Cases is set forth in the *Declaration of Jeffrey S. Stein in Support of Chapter 11 Petitions, First Day Motions, and Related Relief* (the "**First Day Declaration**") [Docket No. 10].

## THE DEBTORS' RULE 2004 REQUESTS

9. On August 14, 2025, the Debtors served X Corp ("**X**") a *Notice of Debtors' Rule 2004 Examination and Document Production Requests to X Corp.* [Docket No. 257] (the "**Rule 2004 Requests**") pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016 and Bankruptcy Local Rule 2004-1. A copy of the Rule 2004 Requests is attached hereto as **Exhibit A.**

10. Pursuant to the Rule 2004 Requests, X was directed to (1) appear for examination and (2) produce documents concerning certain accounts which appear on the www.x.com platform and falsely purport to be associated with Linqto Inc. or its affiliates (the "**Fake Linqto Accounts**"). *See* Exhibit A.

11. The official deadline for X to respond or object to the Rule 2004 Requests was August 21, 2025 (the "**Objection Deadline**"). *See* Bankruptcy Local Rule 2004-1(f). X failed to object or otherwise respond to the Rule 2004 Requests by the Objection Deadline or anytime

3

thereafter. In addition, X failed to produce the requested documents and appear for examination as required by the Rule 2004 Requests.

12. The Debtors file this motion seeking an order compelling X to immediately produce the documents and information requested in the Rule 2004 Requests.

## BASIS FOR RELEIF

**A.     The Debtors' Rule 2004 Requests are Permissible Under the Bankruptcy Rules**

13. Bankruptcy Rule 2004 is "the basic discovery device in bankruptcy cases." *In re Augustus*, No. 05-83177-G3-7, 2007 Bankr. LEXIS 209, at *5 (Bankr. S.D. Tex. Jan. 18, 2007). Bankruptcy Rule 2004 permits the examination of parties and entities with knowledge of "the debtor's acts, conduct, or property . . .liabilities and financial condition [or] any matter that may affect the administration of the debtor's estate." *See* Fed. R. Bankr. P. 2004(b); *In re Buccaneer Res., LLC*, No. 14-60041, 2015 Bankr. LEXIS 4203, at *19 (Bankr. S.D. Tex. Dec. 10, 2015)); *see also In re Correra*, 589 B.R. 76, 108 (Bankr. N.D. Tex. 2018) ("Third parties are subject to examination pursuant to Rule 2004 if they have knowledge of the debtor's affairs."); *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Potential examinees include third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate.") (internal quotations omitted). In addition, parties and entities "may be compelled under Rule 2016 to attend [an examination] and produce documents or electronically stored information." Fed. R. Bankr. P. 2004(c).

14. The purpose of a Rule 2004 examination is "to enable the trustee to discover the nature and extent of the bankruptcy estate." *In re Correra*, 589 B.R. 76, 109; *see also In re Millennium Lab* Holdings, 562 B.R. at 626 ("Legitimate goals of Rule 2004 examinations include

4

discovering assets, examining transactions, and determining whether wrongdoing has occurred.") (internal quotations and citations omitted). The scope of a Rule 2004 is commonly recognized as "unfettered and broad and . . . as more in the nature of a fishing expedition." *In re Correra*, 589 B.R. at 109 (internal quotation and citations omitted); *In re Millennium Lab Holdings II*, 562 B.R. at 626 ("Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a fishing expedition and an inquisition.") (internal quotations and citations omitted).

15. Courts are reluctant to deny a Rule 2004 examination "unless the party can show that the examination would be oppressive or burdensome." *In re Correra*, 589 B.R. at 108; *In re Buccaneer Res.*, 2015 Bankr. LEXIS 4203, at *19 ("[T]he examination should not be so broad as to be more disruptive and costly to the . . . [party being examined] than beneficial to the . . . [party requesting the examination].") (internal quotations and citations omitted); *In re Millennium Lab Holdings II*, 562 B.R. at 626 ("The rule requires a balancing of the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.) (internal quotations and citations omitted).

16. Here, the Debtors' Rule 2004 Requests fall within the limits of Bankruptcy Rule 2004. The Rule 2004 Requests seek information related to several Fake Linqto Accounts which appear on the X platform and purport to be owned or operated by Linqto and/or its affiliates. The Debtors believe that the creators and/or operators of the Fake Linqto Accounts may fraudulently obtain information from Linqto customers or commit other illegal acts which may harm the Debtors' estates, creditors and other parties in interest. The Rule 2004 Requests are narrowly tailored to obtain critical information related to the Fake Linqto Accounts, and are neither

5

oppressive nor burdensome. Moreover, the requests are limited by subject matter and only seek information within X's possession, custody and control.

**B.      X Has Refused to Comply with the Rule 2004 Requests**

17.     In an effort to obtain relevant information about the Fake Linqto Accounts in a cost-efficient and expedient manner, the Debtors first sent correspondence to X on July 24, 2025 which requested, among other things, (1) certain information related to the Fake Linqto Accounts and (2) a conference with X to discuss the requests. *See* Exhibit A (the Debtors' Correspondence with X). X failed to respond to the Debtors' requests.

18.     Thereafter, the Debtors filed a notice of the Rule 2004 Requests and sent correspondence to X on August 14, 2025, which (1) informed X of the scheduled Rule 2004 examination and (2) requested production of certain documents related to the Fake Linqto Accounts. *See* Exhibit A. Again, X failed to respond to the Debtors' requests. X also failed to timely object to the Rule 2004 Requests.

19.     Finally, on August 27, 2025, the Debtors notified X that it was "deemed ordered" to appear for examination and produce the requested documents to the Debtors as set forth in the Rule 2004 Requests. *See* Exhibit A. X failed to produce the requested documents and did not appear for the Rule 2004 examination as ordered.

**C.      X Should be Compelled to Comply With the Rule 2004 Requests**

20.     The information that the Debtors seek to obtain through the Rule 2004 Requests is critical to their investigation of the Fake Linqto Accounts. The Debtors need to determine who owns and operates the Fake Linqto Accounts, and whether those parties are committing fraud or other illegal activity that may be harmful to the Debtors' estates, creditors and other parties in interest. The Debtors' only means of obtaining the requested information is from X. Despite the

Debtors' reasonable efforts to obtain X's voluntary compliance with the Rule 2004 Requests, X has refused to comply.

21. Accordingly, the Debtors request that the Court compel X to comply with the Rule 2004 Requests.

**NOTICE**

22. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the holders of the 100 largest customer claims against the Debtors; (d) the DIP Lender; (e) the office of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) other regulatory agencies having a regulatory or statutory interest in these Chapter 11 Cases; (j) the Creditor's Committee; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (l) the parties affected by this motion. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice is necessary.

WHEREFORE, the Debtors request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 7, 2025
Houston, Texas

Respectfully submitted,

**SCHWARTZ PLLC**

/s/ *Gabrielle A. Hamm*
Gabrielle A. Hamm (TX Bar No. 24041047)
Veronica A. Polnick (TX Bar No. 24079148)
Renee D. Wells (TX Bar No. 24013731)
Athanasios E. Agelakopoulos (admitted *pro hac vice*)
440 Louisiana Street, Suite 1055
Houston, Texas 77002
Telephone:  (713) 900-3737
Facsimile:  (702) 442-9887
Email:  ghamm@nvfirm.com
  vpolnick@nvfirm.com
  rwells@nvfirm.com
  aagelakopoulos@nvfirm.com

Samuel A. Schwartz (admitted *pro hac vice*)
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone:  (702) 385-5544
Facsimile:  (702) 442-9887
Email:  saschwartz@nvfirm.com

*Counsel for the Debtors and Debtors in Possession*

**CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that I have made a good faith effort to resolve this discovery dispute without the Court's action. In particular, I sent correspondence to the X Corp. Legal Department regarding the Rule 2004 Requests on July 24, 2025, August 14, 2025, and August 27, 2025. X Corp. has not yet responded to any of my correspondence.

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Gabrielle A. Hamm*
Gabrielle A. Hamm