**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

**In re:**
**LINQTO TEXAS, LLC, et al.,**
**Debtors.**
**CHAPTER 11**
**CASE No. 25-90186 (Jointly Administered)**

**Hon. Alfredo R. Perez, United States Bankruptcy Judge**

---

**LIMITED PROCEDURAL OBJECTION TO CONFIRMATION BASED ON PENDING MOTIONS (DOCKETS 358, 804 AND 1079)**

---

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

1. H. Gavin Solomon ("**Objector**"), a stockholder of Linqto, Inc. and unitholder of a Linqto SPV, appearing pro se, respectfully submits this **Limited Procedural Objection** to confirmation of the Debtors' proposed Chapter 11 Plan of Reorganization ("**Plan**").

2. This Objection is procedural and conditional only. It is filed solely to preserve the record and the Objector's rights in the event the Court proceeds with the confirmation hearing scheduled for February 2, 2026 before adjudicating the following pending motions (collectively, "**Pending Motions**"):

    a. The Objector's Conditional Objection to Classification of Unitholders as Creditors filed August 18, 2025 (**Docket 358**).

    b. The Objector's Emergency Motion filed October 20, 2025 (**Docket 804**).

    c. Supplementary Submissions by the Objector in respect of Emergency Motion filed December 1, 2025 (**Docket 1079**).

3. The Pending Motions raise **threshold and dispositive legal issues** that are logically antecedent to confirmation, including, without limitation:

    a. Bad Faith Filings.

    b. Lack of Corporate Authority.

    c. Proper classification of Unitholders as equity rather than creditors.

    d. Solvency and compliance with the Absolute Priority Rule.

    e. Statutory compliance affecting classification, solicitation, voting and confirmation requirements under the Bankruptcy Code.

4. Absent adjudication of these issues, the Court cannot make the affirmative findings required under 11 U.S.C. § 1129(a) on a complete and lawful record. Confirmation in advance of adjudicating such

predicate matters would be premature and inconsistent with the structure and requirements of the Bankruptcy Code.

5. Although the Court indicated on December 2, 2025 (Docket 1086) that certain Pending Motions would be heard in connection with confirmation of the Plan, no substantive ruling has yet resolved the legal issues presented therein.

6. The Objector seeks only proper procedural sequencing. Resolving the Pending Motions first promotes judicial economy, preserves due process, avoids piecemeal proceedings, ensures that any confirmation ruling rests on a complete and lawful record and reduces risk of reversible error. Conversely, if the Pending Motions are denied, confirmation may proceed immediately and without procedural complication.

**NO WAIVER OR CONCESSION**

7. By filing this Objection, the Objector does not concede that the Plan satisfies any requirement of 11 U.S.C. § 1129, does not waive or limit any argument raised in the Pending Motions and expressly preserves all rights, including appellate rights.

8. This Objection is asserted in addition to, and not in lieu of, the Pending Motions, which are reaffirmed and incorporated by reference.

**RELIEF REQUESTED**

9. Accordingly, the Objector respectfully requests that the Court:

   a. Decline confirmation of the Plan unless and until the Pending Motions are adjudicated; or

   b. In the alternative, expressly state on the record that any confirmation hearing or ruling does not waive, moot or prejudice the Pending Motions or the Objector's rights thereunder; and

   c. Grant such other and further relief as the Court deems just and proper.

---

**RESERVATION OF RIGHTS**

10. The Objector expressly reserves all rights, claims, objections, arguments and remedies available under the Bankruptcy Code, the Bankruptcy Rules and applicable non-bankruptcy law. Nothing herein shall be construed as consent to, acquiescence in, or approval of the Plan, the solicitation process, the classification of any claims or equity interests, or any voting, tabulation, or confirmation methodology asserted or employed in connection with the Plan. In the event the Court proceeds to confirmation of the Plan without prior adjudication of the Pending Motions, the Objector expressly preserves all appellate rights.

11. The Objector reserves all rights to amend, supplement or withdraw this Objection as additional facts become known or available. Nothing herein should be construed to allege, assert or establish liability, wrongdoing or misconduct by any individual or entity. This Objection is presented solely to request judicial clarification and relief. Nothing contained herein is intended, nor should it be construed, as an accusation of misconduct, fraud or illegality. All references to individuals, entities

or events are provided solely for factual or procedural context and are subject to the accuracy of publicly available information.

**DISCLAIMER**

12. The Objector respectfully presents that this Objection is based solely on publicly available information, the Objector's personal knowledge, and a good-faith review of relevant materials. The Objector prepared this Motion without the benefit of legal counsel in either the United States or Australia and is proceeding pro se. No representation is made as to the completeness or accuracy of third-party information. The Objector does not, through this Objection, seek to assert legal claims or allegations against any person or entity and expressly disclaims any such intent.

13. The Objector requests this Honorable Court to construe this Limited Procedural Objection liberally, consistent with <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

**WHISTLEBLOWER DISCLAIMER**

14. The Objector submits this Objection, and any supporting materials, in good faith and solely for the purpose of assisting the Court, the United States Trustee and all interested parties in promoting transparency, accuracy and compliance with applicable law in these proceedings. To the extent any information herein may incidentally identify or describe potential issues of concern - including possible misrepresentation, non-disclosure or other governance matters - the Objector expressly invokes and preserves protections available under applicable state and federal whistleblower laws including but not limited to statutes safeguarding individuals who, in good faith, disclose information regarding potential violations of law, fiduciary duty or regulatory requirements. The Objector expressly reserves all rights, privileges and protections afforded to whistleblowers and reporting persons under such laws. Nothing contained in this Objection shall be construed as a waiver of any such rights or remedies.

**Respectfully submitted.**

**Dated**: 15th January 2026 (Australian Eastern Standard Time)

**Herbert Gavin Solomon**
37 Kells Creek Road
Woodlands NSW 2575, Australia
Email: gs@larpagroup.com
Phone: +61 412 978 777

**CERTIFICATE OF SERVICE**

I certify that on 15th January 2026 (Australian Eastern Standard Time) I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

**Respectfully submitted.**

**H. Gavin Solomon**