**Case 25-90186 - Objection to Confirmation of Plan and Joinder to Jones Motion (Docket #1161) - Victor Jiang Pro Se Equitable Interested Party**

United States Courts
Southern District of Texas
F I L E D

JAN 16 2026

Nathan Ochsner, Clerk of Court

victor.jiang@sapiengroup.co < victor.jiang@sapiengroup.co >

Thu, 25 Dec 2025 16:42:44 +1100

To  "bankruptcy_clerks"<bankruptcy_clerks@txs.uscourts.gov>,"nathan_ochsner" <nathan_ochsner@txs.uscourts.gov>,"Victor Jiang" <victor.jiang@sapiengroup.co>

Cc  "tyler_laws"<tyler_laws@txs.uscourts.gov>,"saschwartz" <saschwartz@nvfirm.com>,"vpolnick"<vpolnick@nvfirm.com>,"ghamm" <ghamm@nvfirm.com>,"rwooten"<rwooten@orrick.com>,"Andrewjimenez" <Andrew.jimenez@usdoj.com>,"hanguyen"<ha.nguyen@usdoj.gov>,"lpjhome" <lpjhome@gmail.com>

**1 Attachment(s)**

25-90186_Objection_to_Plan_...
158.5 KB

U.S. Bankruptcy Court
Southern District of Texas, Houston Division

RE: Case No. 25-90186 (Chapter 11)
   In re: Linqto, Inc., et al., Debtors

Dear Clerk's Office:

I am Victor Jiang, former Independent Director of Linqto, Inc., appearing pro se as a party in interest in the above-referenced bankruptcy case. I am filing this Objection to Confirmation of Debtors' First Amended Joint Chapter 11 Plan of Reorganization and Joinder to Motion of Linda P. Jones for Determination of Whether the Chapter 11 Petition Was Validly Authorized (Docket No. 1161) via email pursuant to the following legal authorities:

LEGAL BASIS FOR EMAIL FILING:

1. CONSTITUTIONAL RIGHT TO PRO SE REPRESENTATION
   I am exercising my constitutional right to appear pro se under 28 U.S.C. § 1654, which provides that "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." This right has been recognized by the Supreme Court in Faretta v. California, 422 U.S. 806 (1975), and applies to civil bankruptcy proceedings. Cheung v. Youth Orchestra Found. of Buffalo, 906 F.2d 59 (2d Cir. 1990).

2. PARTY IN INTEREST FILING RIGHTS
   I am a party in interest with the statutory right to "appear and be heard on any issue" under 11 U.S.C. § 1109(b). As a former Independent Director of Linqto, Inc. and an equity security holder in the Debtor entities, I have standing to object to plan confirmation and to raise jurisdictional issues.

3. UNIQUE EVIDENTIARY POSITION
   As a former Independent Director who resigned on May 31, 2025 due to governance

issue. My prior sworn declaration (Docket No. 176) has been cited by other parties, including in the Jones Motion (Docket No. 1161), as evidentiary support for the jurisdictional challenge.

4. CLERK'S MINISTERIAL DUTY TO ACCEPT PRO SE FILINGS
   Under Johnson v. Rogers, 917 F.2d 1283 (10th Cir. 1990), bankruptcy clerks have a ministerial duty to accept filings and cannot reject documents based on filing method, content, or legal sufficiency. Only the Court may later determine whether a filing should be stricken or dismissed.

5. DUE PROCESS RIGHT OF ACCESS TO COURTS
   Due process requires meaningful access to the courts and prohibits denying that access based on technical barriers. Boddie v. Connecticut, 401 U.S. 371 (1971). Denying my email filing would violate due process by preventing me from exercising my § 1109(b) right to be heard on threshold jurisdictional matters.

NATURE OF THIS FILING:

This filing presents TWO related matters:

1. OBJECTION TO CONFIRMATION OF PLAN under 11 U.S.C. § 1129 and Federal Rule of Bankruptcy Procedure 3020(b)(1), arguing that the Plan cannot be confirmed because it is premised on void ab initio bankruptcy petitions.

2. JOINDER TO MOTION OF LINDA P. JONES (Docket No. 1161) for determination of whether the Chapter 11 petitions were validly authorized under applicable Delaware law and the Debtors' governing documents.

THRESHOLD JURISDICTIONAL ISSUE:

This Objection raises the jurisdictional question established in Price v. Gurney, 324 U.S. 100, 106 (1945): whether the individuals who authorized the filing of these Chapter 11 cases possessed lawful corporate authority under Delaware law at the time of authorization.

Key Arguments:
• The Chapter 11 petitions were authorized by a three-member Special Subcommittee, not the full Board of Directors
• Two of the three Special Subcommittee members (Ms. Alison Kutler and Mr. Richard Rosenthal) were added as directors in 2025 without shareholder election
• Under Delaware law (8 Del. C. § 141(b)), a committee with a majority of improperly seated members cannot validly act
• The CEO who signed the petitions (Dan Siciliano) lacked authority because his CEO authority terminated when the Nikkl merger condition precedent failed
• Unauthorized petitions are void ab initio and deprive the Court of subject matter jurisdiction

RELIEF REQUESTED:

• DENY confirmation of the Debtors' First Amended Joint Chapter 11 Plan of Reorganization (Docket No. 1136)
• DETERMINE that the Special Subcommittee lacked lawful authority under Delaware law
• DISMISS these Chapter 11 cases for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3)
• VACATE all orders entered in these cases as void for lack of jurisdiction
• GRANT oral argument on this Objection and the Jones Motion

DOCUMENTS ATTACHED:

1. 25-90186_Objection_to_Plan_Jiang.pdf (PDF) - 20 pages (includes Certificate of Service

The document is properly formatted per Federal Rules of Bankruptcy Procedure and Local Rules (Times New Roman 12-point font, 1-inch margins, proper line spacing).

SERVICE:

Simultaneous with this email filing, I am serving identical copies via email on:

COUNSEL FOR THE DEBTORS:
Schwartz PLLC
Attn: Samuel A. Schwartz
440 Louisiana Street, Suite 1055
Houston, TX 77002
Email: saschwartz@nvfirm.com; vpolnick@nvfirm.com; ghamm@nvfirm.com

COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:
Orrick Herrington & Sutcliffe LLP
Attn: Ryan C. Wooten
609 Main Street
Houston, TX 77002
Email: rwooten@orrick.com

OFFICE OF THE UNITED STATES TRUSTEE:
United States Trustee for the Southern District of Texas
Attn: Andrew Jimenez
515 Rusk Street, Suite 3516
Houston, TX 77002
Email: Andrew.jimenez@usdoj.com; ha.nguyen@usdoj.gov

MOVANT LINDA P. JONES:
31 Colgate Drive
Rancho Mirage, CA 92270
Email: lpjhome@gmail.com

All parties on the Master Service List via email.

Certificate of Service is included at the end of the attached Objection PDF.

REQUEST:

I respectfully request that the Clerk's Office:
1. Accept this email filing as my Objection to Confirmation and Joinder to the Jones Motion
2. Time-stamp the filing with the date and time of this email
3. Docket this document on the case docket
4. Assign an appropriate docket number

I understand that the Clerk's Office performs a ministerial function in accepting filings and that any questions about the legal sufficiency or procedural correctness of my filing are properly addressed to the Court, not the Clerk's Office. Johnson v. Rogers, 917 F.2d 1283 (10th Cir. 1990).

HEARING APPEARANCE:

I respectfully request oral argument on this Objection and the Jones Motion. If the Court schedules a hearing, I will appear to present argument and answer any questions the Court may have.

Thank you for your assistance in ensuring my constitutional right to be heard is protected.

Respectfully submitted,

/s/ Victor Jiang

Equitable Interested Party

c/o Sapien Group USA LLC
254 Chapman Rd, Suite 208
Newark, DE 19702
Telephone: +61 435004656
Email: victor.jiang@sapiengroup.co

Date: December 25, 2025