IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LINQTO TEXAS, LLC, *et al.*,[1] | ) ) ) | Case No. 25-90186 (ARP) |
| Debtor. | ) ) ) | (Jointly Administered) |
| | ) ) | **Re: Docket No. 1135** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WHITE & CASE LLP TO CONFIRMATION OF THE DEBTORS' PLAN**

White & Case LLP ("**W&C**"), as a creditor of Sapien Group USA LLC and its group affiliates (together, "**Sapien**"),[2] hereby submits this limited objection and reservation of rights (the "**Limited Objection**") to confirmation of the *Joint Chapter 11 Plan of Linqto Texas, LLC and Its Debtor Affiliates* [Docket No. 1135] (the "**Plan**").[3] In support of its Limited Objection, W&C respectfully states as follows:

**Limited Objection**

1.      On August 8, 2025, W&C was retained by Sapien pursuant an engagement agreement (the "**Agreement**") for the purpose of forming and representing the interests of an ad hoc group of shareholders of Linqto, Inc. In accordance with the scope of the engagement, Sapien directed W&C to, among other things, seek the appointment of an official committee of

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Linqto, Inc. [0332]; Linqto Liquidshares, LLC [8976]; Linqto Liquidshares Manager, LLC [8214]; and Linqto Texas, LLC [5745]. The location of the Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

[2]   "**Sapien**" includes the following entities: (i) Sapien Group USA LLC, acting both for itself as the manager of Sapien Linqto SPV Fund Series III; (ii) Sapien Linqto SPV Fund Series III; (iii) Sapien Ventures Investment Management Pty Ltd., acting both for itself and the general partner for Sapien Ventures LP Fund No. 1 and Sapien Ventures LP Fund No. 2; (iv) Sapien Ventures LP Fund No. 1; and (v) Sapien Ventures LP Fund No. 2.

[3]   Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such term in the Plan.

shareholders in these Chapter 11 Cases. *See Emergency Motion of the Ad Hoc Group of Equity Holders for Entry of an Order Directing the U.S. Trustee to Appoint an Official Committee of Equity Security Holders Pursuant to 11 U.S.C. § 1102* [Docket No. 574]. The Court held a hearing on the matter on October 3, 2025 and entered an order denying the requested relief on October 15, 2025.

2.  To date, W&C has accrued fees on account of services rendered to Sapien. But Sapien has not paid W&C a dime on account of those services despite numerous assurances (including in writing) that payment was forthcoming promptly. Moreover, Sapien has refused for months to respond to inquiries by W&C via email, text message, and telephone regarding W&C's past due invoices.

3.  Accordingly, as permitted by the Agreement, on September 25, 2025, W&C filed a Form UCC-1 with the Delaware Secretary of State to secure a security interest in any recovery Sapien "may obtain, whether by arbitration award, judgment, settlement or otherwise, in connection with the engagement." On October 9, 2025, W&C served Sapien by certified U.S. mail at its registered address.

4.  Upon information and belief in addition to being a shareholder of Linqto, Inc., Sapien holds Customer Claims and, therefore, may receive a recovery on account of those Customer Claims if the Court confirms the Plan. *See* Plan Art. IV.C. Whether the Debtors will ultimately make a distribution to Sapien is another matter, however. More specifically, during the course of these chapter 11 cases, the Debtors and the Committee have acknowledged that the estate may hold significant claims and causes of action against Sapien and that the estate or a post-confirmation vehicle may pursue those claims and causes of action for the benefit of the Debtors' stakeholders. It is possible, therefore, that the Debtors also may seek to offset any of Sapien's

Plan recoveries (such as any distribution on account of Customer Claims) against any judgment entered against Sapien, which may affect W&C's ability to enforce its perfected security interest against Sapien on account of the amounts that Sapien owes to W&C under the Agreement.

5. Accordingly, W&C files this Limited Objection to ensure that its claims against Sapien are preserved and, furthermore, to ensure that the firm's perfected security interest is preserved, and such security interest shall attach to any recovery Sapien "may obtain, whether by arbitration award, judgment, settlement or otherwise, in connection with" these Chapter 11 Cases. Furthermore, W&C requests that the Debtors or any post-confirmation representative of the Debtors' estates seek a further order of the Court (*i.e.*, other than the Confirmation Order) prior to seeking to offset any of Sapien's Plan recoveries (such as any distribution on account of Customer Claims) against any judgment entered against Sapien to ensure that W&C and any other party with an interest in such recoveries may be heard.

## Reservation of Rights

6. This Limited Objection is submitted without prejudice to, and with full reservation of, W&C's rights, claims, defenses, and remedies, including the right to amend, modify or supplement this Limited Objection, to seek discovery, to raise objections, and to introduce evidence relating to this Limited Objection, the Plan, or the proposed confirmation order at any hearing and without in any way limiting any other rights of W&C to object on any grounds to confirmation of the Plan or the proposed confirmation order or any other matter in connection therewith, as may be appropriate.

[*Remainder of page intentionally left blank*]

Dated: January 22, 2026

Respectfully submitted,

By: */s/ Gregory F. Pesce*
**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Suite 5100
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Facsimile: (312) 881-5450
Email:  gregory.pesce@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Philip Abelson (admitted *pro hac vice*)
Colin T. West (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  cshore@whitecase.com
           philip.abelson@whitecase.com
           cwest@whitecase.com