IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
------------------------------------------------------x
In re:                                                :   Chapter 11
                                                      :
LINQTO TEXAS, LLC, et al.¹                            :   Case No. 25-90186
                                                      :
      Debtors.                                        :   (Jointly Administered)
------------------------------------------------------x
```

**EMERGENCY MOTION OF WILLIAM SARRIS TO RECONSIDER
ORDER AND UNSEAL PUBLIC ACCESS TO NON-PRIVILEGED,
NON-CONFIDENTIAL, AND HIGHLY RELEVANT INFORMATION IN
DOCKET NO. 1376, AND OPPOSITION TO DEBTORS'
EMERGENCY MOTIONS IN DOCKET NOS. 1391 AND 1408**

**Emergency relief has been requested. Relief is requested on or before January 26, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

William Sarris ("Sarris") submits this (a) emergency motion for the Court to reconsider its January 23, 2026, Order (Dkt. No. 1413, the "Order") restricting public access to certain exhibits contained in Docket No. 1376 and to unseal those documents ("Motion to Reconsider and Unseal"), and (b) response in opposition to Debtors' Emergency Motions to Restrict Public Access to Confidential Information Contained in Docket No. 1376 (Dkt. No. 1391 and 1408) "Debtors' Motions"). As set forth below, the Motion to Reconsider and Unseal should be granted because the exhibits at issue are not privileged, not confidential, do not meet the standard for restricting the presumption of public access in these proceedings and, to the extent necessary, any legitimately

---

¹ The debtors and debtors-in-possession in these Chapter 11 Cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Linqto Texas, LLC [5745] "Linqto Texas"), Linqto, Inc. ("Linqto") [0332], Linqto Liquidshares, LLC [8976] ("Liquidshares"), and Linqto Liquidshares Manager, LLC [8214] ("Liquidshares Manager"). The location of Debtors' service address is: 101 Metro Drive, Suite 335, San Jose, CA 95110.

confidential information could be redacted. More importantly, Debtors' "emergency" motions to conceal these highly relevant documents—which they have improperly failed to disclose throughout these proceedings—is further evidence of Debtors' bad faith conduct in the commencement, prosecution, and confirmation of these chapter 11 proceedings.

## BACKGROUND

1. On January 19, 2026, Sarris filed a *Combined Objection of William Sarris to (1) Confirmation of Joint Chapter 11 Plan and (2) Final Approval of the Disclosure Statement of Linqto Texas, LLC and Its Debtor Affiliates, and in the Alternative, (3) Motion to Dismiss the Petitions for Cause* [Dkt. No. 1376] (the "Objection"). The filing included 91 exhibits.

2. On January 20, 2026, the Debtors filed *Debtors' Emergency Motion to Restrict Public Access to Confidential Non-Debtor Information Contained in Docket No. 1376* [Dkt. No. 1391], requesting the Court to seal Exhibit 3 to the Objection which consists of a capitalization table for Nikkl, Inc. ("Nikkl"). On January 21, 2026, the Court entered an Order granting Debtor's emergency motion [Dkt. No. 1393].

3. On January 22, 2026, the Debtors filed *Debtors' Amended Emergency Motion to Restrict Public Access to Confidential Information Contained in Docket No. 1376* [Dkt. No. 1408], requesting the court to seal certain additional exhibits. On January 23, 2026, the Court entered an Order granting Debtor's emergency motion [Dkt. No. 1413].

## RELIEF REQUESTED

4. Sarris respectfully requests that the Court reconsider its orders restricting public access to the exhibits at issue in their entirety in response to Debtors' emergency motions. The exhibits in question are not privileged, not confidential, and do not meet the legal applicable standard for denying public access in these proceedings, with the exception of certain names that Sarris has agreed to redact in one exhibit relating to non-Linqto-affiliated individuals identified on the Nikkl Cap Table [Dkt. No 1376, Ex. 3]. Otherwise, none of the categories of documents that

Debtors seek to hide from the public in their entirety involves, as they claim, "a trade secret or confidential research, development, or commercial information," nor any "scandalous or defamatory matter" that would warrant protection under 11 U.S.C. § 107(b)(1)-(2). Indeed, the only scandal here is that Debtors again seek to conceal important information from the public and from stakeholders in this matter and, in so doing, they continue to demonstrate their bad faith conduct in these proceedings.

## MOTION AND OBJECTION

5. The Court should reconsider its Order restricting public access to the exhibits in question pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as incorporated by the Bankruptcy Rules, and the Court's inherent authority to revise interlocutory orders as justice requires. Section 107(a) of the Bankruptcy Code establishes a strong statutory presumption of unrestricted public access to papers filed in a bankruptcy case. *See In re North Bay Gen'l Hosp., Inc.*, 404 B.R. 429, 438 (Bankr. S.D. Tex. 2009).[2] Section 107(b) provides a narrow exception to seal documents only to "(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(1)-(2). Under this exception, the court must make "specific findings" that secrecy outweighs the presumption of public access. *Id.* at 439-40.[3] Mere "bald allegations" that information is scandalous, *id.* at 442, or conclusory assertions that information is "confidential" or "commercially

---

[2] The Fifth Circuit likewise recognizes a presumption of public access to judicial records. *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 484 (5th Cir. 1993). Courts must exercise their discretion to seal "charily," *id.*, and be "ungenerous with their discretion to seal judicial records," *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). The presumption of access alone can outweigh interests favoring nondisclosure. *See Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 234 (5th Cir. 2020). Public access to judicial records serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system." *Van Waeyenberghe*, 990 F.2d at 849. "Judicial records belong to the American people; they are public, not private, documents." *See June Med. Servs. LLC*, 22 F.4th 512, 519 (5th Cir. 2022).
[3] Courts must make "detailed, clear, and specific findings" and provide reasoning sufficient to enable appellate review. *See United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023). If the original sealing order lacked adequate justification or failed to follow proper procedures, this supports unsealing. *See June Med. Servs.*, 22 F.4th at 519.

sensitive," are insufficient to overcome that strong presumption, *see In re BP p.l.c. Sec. Litig.*, 789 F.3d 483, 492-93 (5th Cir. 2015); *Van Waeyenberghe*, 990 F.2d at 848-49. Where discrete information may warrant protection, redaction or narrowly tailored relief—not blanket sealing of entire documents—is the appropriate remedy.

6. For the reasons set forth below, the Court should reconsider its orders and unseal the exhibits at issue because Debtors did not do not meet the legal standard for overcoming the strong presumption for public access to these highly relevant documents. Debtors failed to show that any category of the restricted documents involve "a trade secret or confidential research, development, or commercial information," nor any "scandalous or defamatory matter" that would warrant protection under 11 U.S.C. § 107(b)(1)-(2), nor that the relief granted was narrowly tailored to protect any qualifying interest. To the extent any legitimately sensitive information is contained in such documents, it may be adequately protected through targeted redactions pursuant to Bankruptcy Rule 9037 or limited protective relief under Bankruptcy Rule 9018, rather than wholesale restriction of public access.

A. **The True Sale Exhibits**

7. The Debtors' motion to restrict public access to Exhibits 19, 33-39, and 41-49 ("collectively the "True Sale Exhibits") failed to satisfy the applicable standard under section 107(b). The True Sale Exhibits consist of Linqto business records establishing definitively that Debtors themselves determined that Linqto customer accounts are bankruptcy-remote assets that cannot be used by the estates for any purpose. These documents – which Debtors have concealed from customers through the course of this case – flatly contradict Debtors' repeated claims that the customer assets are estate property that can be used to fund the proposed Plan.[4]

8. In 2024, the Debtors obtained a 37-page opinion from U.S. law firm Nelson Mullins confirming that customer assets are the legal property of Linqto's customers and "would

---

[4] *See, e.g.,* Dkt. Nos. 16 (DIP Financing Motion), 79 (Ripple Motion).

not be deemed to be property of the Company's bankruptcy estate."[5] The opinion was shared with Linqto's auditors, who pressure-tested the analysis before adopting it.[6] As set forth in the Objection, the True Sale Exhibits and their concealment in these proceedings are strong evidence that Debtors have not filed the Plan nor the Petitions in good faith.

9. The Debtors' generic emergency motion provided no basis for continuing to hide the True Sale Exhibits from the public, and there is no basis under section 107(b). The documents are not privileged – they were shared with an auditor, produced to the government, and fall within the scope of Debtors' waiver of the attorney client privilege in any event.[7] Debtors have not articulated any argument establishing that these materials are otherwise confidential or that any allegedly confidential portions contained in those documents could not simply be redacted, rather than concealing the documents in their entirety from the public.

10. The Debtors have asked Linqto customers and other stakeholders to vote to confirm a Plan premised on the claim that customer assets are not property of the estate due to alleged defects in the formation of Linqto's corporate structure. Because the True Sale Exhibits refute that presumption, Debtors have sought to conceal those documents and their motion to seal the exhibits is a continuation of that bad-faith strategy. The Court should not permit the Debtors to continue hiding these non-privileged, non-confidential documents from public scrutiny.

B.  **The Conflicts Exhibits**

11. The remaining documents that Debtors seek to conceal relate to serious conflicts of interest involving Dan Siciliano, Norman Reed, and Nikkl, the Linqto competitor owned by Siciliano and other officers and directors of the Debtors. (Exs. 4, 8-9, 13, 54, the "Conflicts Exhibits"). As set forth in the Objection, all of these documents are relevant evidence of the

---

[5] *See* Dkt. No. 1376 Ex. 19.
[6] *See* Dkt. No. 1376 Exs. 43 – 49.
[7] *See, U.S. v. El Paso Co.,* 682 F.2d 530, 540 (5th Cir. 1982) (no privilege when documents "are created with the knowledge that independent accountants may need access to them to complete the audit" or are otherwise shared with third parties).

5

Debtors' bad-faith motivations and conduct in filing the Petitions and seeking confirmation of the Plan. Debtors have made no showing that these documents or any portions thereof meet either of the exceptions under section 107(b) – they are not trade secrets and contain no confidential research, development, or commercial information, and are not scandalous or defamatory in any way. The strong presumption in favor of public access and clear relevance of these documents as evidence of conflicts of interest and bad-faith support Sarris's motion to reconsider the Order and unseal the Conflicts Exhibits.

12. Finally, Debtors provided no support that any of the documents at issue is covered by a confidentiality agreement with third parties that has not already been waived, and there is no dispute that Debtors have already waived their attorney client privilege through December 31, 2024. Likewise, the Debtors' Motion provided no support whatsoever for the entirely conclusory statement that public disclosure of this information "has risked financial liability for the Debtors, waiver of applicable privileges and protections, and commercial and competitive harm to a third party, non-debtor entity, its investors, stakeholders, and lenders," or the claim that Debtors face "financial risk" and "irreparable harm" from "public dissemination" of such information. In short, there is no justification for restricting public access to these highly relevant documents and the Motion to Reconsider and Unseal should be granted.

## EMERGENCY CONSIDERATION

13. Pursuant to Bankruptcy Local Rule 9013 and paragraph G17 of the Complex Case Procedures, Sarris requests emergency consideration of this motion on or before January 26, 2026. Immediate relief is necessary to allow access to information pertinent to the confirmation hearing on February 2, 2026.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Sarris respectfully requests that the Court grant the Motion to Unseal and Reconsider.

Dated: January 23, 2026

Respectfully submitted,

STREUSAND, LANDON, OZBURN & LEMMON, LLP

/s/   Stephen W. Lemmon
Stephen W. Lemmon
State Bar No. 12194500
Rhonda Mates
State Bar No. 24040491
1810 S. Mopac Expressway Ste. 320
Austin, Texas 78746
Email:  lemmon@slollp.com
        mates@slollp.com
Phone: (512) 236-9900

-and-

TREANOR DEVLIN BROWN PLLC

/s/   Timothy J. Treanor
Timothy J. Treanor, *admitted pro hac vice*
(917) 445-3440
ttreanor@tbdlaw.com

Arlo Devlin-Brown, *admitted pro hac vice*
(646) 594-4564
arlo@tdblaw.com

John J. Lavelle, *admitted pro hac vice*
(917)-822-9201
JLavelle@tdb.com

c/o Clark Smith Villazor
666 Third Avenue, 21st Floor
New York, New York 10017

**Counsel to Respondent William Sarris**

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, a true and correct copy of the foregoing document was served by the Court's CM/ECF System on all parties registered to receive such service at the time of filing.

/s/   Stephen W. Lemmon
Stephen W. Lemmon