United States Courts
Southern District of Texas
FILED

*April 29, 2026*

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

In re: Linqto Texas, LLC, et al., Debtors
Bankruptcy Case No. 25-90186 (ARP) | Chapter 11
Appellant: Johannes Gerardus Reinerus (Jan) Kleipool, Pro Se

## APPELLANT'S STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL
Revised April 2026 | Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)

Appellant Johannes Gerardus Reinerus (Jan) Kleipool respectfully submits the following issues for review by the United States District Court for the Southern District of Texas on appeal from the Memorandum Opinion entered April 21, 2026 (Doc. 1866):

## ISSUE 1 — ERROR OF LAW: MISINTERPRETATION OF 11 U.S.C. § 1145

Whether the Bankruptcy Court erred in holding that permitting the Appellant to correct a default distribution election — caused by documented criminal third-party interference — constitutes a **"new offer or sale"** of securities requiring registration under the Securities Act of 1933. The offer and sale of securities were already authorized and exempted under § 1145 via the confirmed Plan. A Rule 9006(b) request to correct an election between two already-authorized distribution paths does not constitute a new registration event. It ensures the correct execution of an existing, court-approved transaction.

## ISSUE 2 — ERROR OF LAW: PLAN MODIFICATION STANDARD WRONGLY APPLIED

Whether the Court incorrectly applied the restrictive standards of 11 U.S.C. § 1127(b) — which governs post-confirmation plan modifications and is available only to the plan proponent — to what was in substance a procedural request for excusable neglect relief under Federal Rule of Bankruptcy Procedure 9006(b)(1). A motion to correct a missed election deadline is procedural in nature and does not alter the rights of any other creditor, modify the plan's treatment of any class, or change the plan's economic terms.

## ISSUE 3 — ABUSE OF DISCRETION: PIONEER EXCUSABLE NEGLECT FACTORS

Whether the Court abused its discretion by failing to properly weigh the Pioneer factors, specifically: (a) the reason for delay — documented criminal conduct constituting force majeure, not ordinary negligence; (b) irreparable prejudice to the Appellant from being locked into a

legally contested, potentially illiquid instrument; and (c) negligible prejudice to the Debtors from reallocating a single creditor's interest.

## ISSUE 4 — REVERSIBLE ERROR: FAILURE TO ACCOUNT FOR RIPPLE'S RESERVATION OF RIGHTS

Whether the Bankruptcy Court erred by defaulting the Appellant into a Closed-End Fund (CEF) despite Ripple Labs Inc.'s formal Reservation of Rights (Doc. 665, ¶¶ 4, 12–13), in which Ripple explicitly stated that its management holds the **"sole right to approve transfers"** of its equity into structures such as the CEF, and that no such consent had been granted. By ignoring Doc. 665, the Court forced the Appellant into an allocation that is legally unauthorized by the issuer of the underlying assets — creating a material risk that the Appellant's interest constitutes a **"dead asset."**

## ISSUE 5 — CLEARLY ERRONEOUS FINDING OF FACT: MISAPPLICATION OF TREVINO

Whether the Court erred by equating the Appellant's circumstances with those in Trevino v. City of Fort Worth, 944 F.3d 567 (5th Cir. 2019), which concerned ordinary user negligence. The Appellant's situation involves documented criminal conduct — targeted cybersecurity interference and physical mail theft — constituting force majeure events materially distinct from personal oversight.

## ISSUE 6 — EQUAL TREATMENT VIOLATION: ONE-DIRECTIONAL ELECTION MECHANISM

Whether the confirmed Plan's asymmetric election mechanism — permitting creditors to switch from the Liquidating Trust to the CEF but expressly prohibiting the reverse — constitutes unequal treatment of similarly situated creditors in violation of 11 U.S.C. § 1123(a)(4), and whether the Court's failure to address this structural asymmetry in its opinion constitutes independent reversible error.

Respectfully submitted,

Johannes Gerardus Reinerus (Jan) Kleipool
Appellant, Pro Se
Citadel 37, 4194 CT Meteren, The Netherlands
Email: jankleipool@outlook.com
Telephone: +31 6 21929401

Dated: April 27, 2026

---

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, a true and correct copy of the foregoing document was served via electronic mail upon the following parties:

**Counsel for the Debtors (Schwartz PLLC):**
ghamm@nvfirm.com | vpolnick@nvfirm.com | aagelakopoulos@nvfirm.com | rwells@nvfirm.com

**Counsel for the Official Committee of Unsecured Creditors (Brown Rudnick LLP):**
kaulet@brownrudnick.com | sbeville@brownrudnick.com

**Claims Agent (Epiq):**
LinqtoInfo@epiqglobal.com

---

Johannes Gerardus Reinerus (Jan) Kleipool